[Crim. No. 19774. First Dist., Div. Three. May 27, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
THEODORE WILLIAM WEST, Defendant and Appellant.

COUNSEL

George L. Schraer, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, John T. Murphy and Eugene W. Kaster, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

FEINBERG, J.—Appellant Theodore William West was charged by information with second degree burglary (Pen. Code, § 459) of Gene's Sport Shop.

He pleaded guilty before Judge McGuire pursuant to a plea bargain whereby he would be allowed to withdraw his guilty plea "if the court cannot carry out the sentence within the limits negotiated," i.e., "up to one year in the Marin jail, with a State Prison Sentence suspended, set at the middle term of two years." Appellant appeared for sentencing before Judge Broderick, who found himself unable to sentence appellant according to the plea bargain and permitted him to withdraw his guilty plea.

Judge Menary presided at appellant's jury trial. Appellant testified and presented several witnesses to a defense of diminished capacity. The jury found appellant guilty as charged. The court sentenced him to prison for an aggravated term of three years.

Appellant was caught in the act of burglarizing a sporting goods store. At trial he claimed to have only a minimal recollection of the incident due to intoxication which diminished his capacity to form the intent to steal. Although the police had not noticed any signs of intoxication, two of appellant's friends testified that he was in such a state. In addition to the testimony of the police, other evidence tended to rebut appellant's defense. He had an apparent accomplice who was arrested outside the building. Entry was by a window 14 feet from the ground, and under it the police found a ladder and carpenter's tools. When detected, appellant reacted by reaching into a nearby gun case. Near

where he was first seen were a pistol and a pair of pistol grips which had been removed from their places in the shop. Appellant was wearing a nylon stocking mask and gloves. He recognized and called by name one of the arresting officers and regretted that he had not shot him.

1. *Whether judge who approves plea bargain must preside at probation hearing.*

The statute governing "conditional pleas" of guilty,[1] particularly the third paragraph thereof, appears to contemplate that the judge who initially "approves" the plea should be the judge who presides at the hearing on the application for probation or pronouncement of judgment and either continues to approve or "withdraws" his approval of the plea. *People* v. *Arbuckle* (1978) 22 Cal.3d 749, 756-757 [150 Cal.Rptr. 778, 587 P.2d 220], says that "As a general principle...whenever a judge accepts a plea bargain and retains sentencing discretion under the agreement, an implied term of the bargain is that sentence will be imposed by that judge."

As stated above, appellant pleaded guilty on the condition that he receive a suspended prison sentence, probation, and up to a year in the county jail. A different judge from the judge who initially approved this plea presided at the ensuing probation hearing and withdrew approval of the plea.

---

[1]Penal Code section 1192.5 provides: "Upon a plea of guilty or nolo contendere to an accusatory pleading charging a felony, the plea may specify the punishment to the same extent as it may be specified by the jury on a plea of not guilty or fixed by the court on a plea of guilty, nolo contendere, or not guilty, and may specify the exercise by the court thereafter of other powers legally available to it.

"Where such plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, except as otherwise provided in this section, cannot be sentenced on such plea to a punishment more severe than that specified in the plea and the court may not proceed as to such plea other than as specified in the plea.

"If the court approves of the plea, it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in such case, the defendant shall be permitted to withdraw his plea if he desires to do so. The court shall also cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for such plea.

"If such plea is not accepted by the prosecuting attorney and approved by the court, the plea shall be deemed withdrawn and the defendant may then enter such plea or pleas as would otherwise have been available.

"If such plea is withdrawn or deemed withdrawn, it may not be received in evidence in any criminal, civil, or special action or proceeding of any nature, including proceedings before agencies, commissions, boards, and tribunals."

In *Arbuckle*, but not in the present case, the first judge's phraseology implied that he would be the judge at the second hearing, but that does not appear to be a material fact. (See *In re Ray O.* (1979) 97 Cal.App.3d 136, 139 [158 Cal.Rptr. 550] ["We do not consider that significant and are not persuaded that grammar should or does expressly preclude any reliance...that the same judge would be presiding at the dispositional hearing."].)

Assuming, then, that a term included by implication in every conditional plea, unless expressly excluded, is that the judge who approves it will decide whether to continue or withdraw such approval, the right to the same judge is no less conditional than the other terms of the plea. *Arbuckle* recognizes that if a defendant's case is assigned to a different judge for sentencing, the defendant can proceed before that judge *or withdraw his plea.* (22 Cal.3d at p. 757, fn. 5.) Furthermore, even if a defendant could demand the same judge, he must do so; he does not have the option of taking his chances before the different judge and, if the result is unfavorable, then demand the original judge. Appellant did not move for reassignment to Judge McGuire or object to Judge Broderick. He may, for all the record shows to the contrary, have calculated that his chances would be better with Judge Broderick. He made his election and is bound by it.

2. *Lesser offense.*

■ Appellant contends that the court should have instructed the jury with regard to a "lesser included offense." In Judge Richards' Appendix C to CALJIC (4th ed. 1979) pages 327, 329-331, four tests for included offenses are set forth: (A) the basic or "legal elements of crime charged" test based on the leading case of *In re Hess* (1955) 45 Cal.2d 171 [288 P.2d 5], (B) the "allegations of specific acts in accusatory pleading" test derived from *People* v. *Marshall* (1957) 48 Cal.2d 394 [309 P.2d 456], (C) the "defendant's full knowledge of prosecution's theories" test derived from *People* v. *Collins* (1960) 54 Cal.2d 57 [4 Cal.Rptr. 158, 351 P.2d 326], and (D) the "implied amendment of accusatory pleading" test based on *People* v. *Francis* (1969) 71 Cal.2d 66 [75 Cal.Rptr. 199, 450 P.2d 591], and derived from *People* v. *Hensel* (1965) 233 Cal.App.2d 834 [43 Cal.Rptr. 865]. Witkin, California Criminal Procedure (1963) section 543, page 555 and (1978 supp.) page 871, regards the (C) *Collins* and (D) *Hensel/Francis* tests as extensions of the *Marshall* test. We suggest the analysis is misleading.

Neither the *Collins* nor *Hensel/Francis* rules purport to define lesser included offenses or to extend *Marshall*. Instead, they describe circumstances under which a defendant may not complain of conviction of a lesser offense which is not an included offense under the *Hess* or *Marshall* tests. They do not create a right on the part of defendants to instructions on lesser offenses under such circumstances.

Appellant requested the court to instruct the jury on the lesser offense of "prowling" (Pen. Code, § 647, subd. (g).)[2] He acknowledges that prowling is not an included offense of second degree burglary under either the (A) *Hess* or (B) *Marshall* tests but contends that *People v. Cole* (1979) 94 Cal.App.3d 854 [155 Cal.Rptr. 892], relying on *Collins*, created a third test of lesser included offenses based on whether the defendant's opportunity to prepare and defend against a charge is impaired. (Accord, *People v. Muis* (1980) 102 Cal.App.3d 206 [163 Cal.Rptr. 791].) He argues that the test applies to him because he was not inhibited in his ability to defend against the charge of prowling —indeed, his defense was that he *was* prowling. However, without necessarily agreeing with the reasoning in *Cole*, we read *Cole* as holding that even though an offense is a lesser but *not* an included offense under either *Hess* or *Marshall* to the offense charged, an instruction thereon and a conviction thereof does not necessarily constitute reversible error. That is not the same as holding that the trial court *must* instruct thereon, even if so requested by the defendant. To hold that a defendant can require that a jury be told that he can be convicted of crime X when he has been charged with crime Y, a charge that does not necessarily include crime X, is to hold that the defendant, in effect, has the power to determine what crime he is charged with, a power that resides exclusively with the prosecution.

Prowling is not a lesser included offense of burglary and the court did not err in refusing an instruction with respect thereto.

3. *Statements taken without advisement of Miranda rights.*

■ Immediately upon appellant's being placed under arrest and before the discovery of the second person, the police asked appellant who was with him in the building. They had not advised him of his *Miranda*

---

[2]Penal Code section 647, subdivision (g) provides: "Every person who commits any of the following acts is guilty of disorderly conduct, a misdemeaner:...(g) Who loiters, prowls, or wanders upon the private property of another, in the nighttime, without visible or lawful business with the owner or occupant thereof."

rights. The purpose of the question was to determine whether appellant was alone, a great concern to the officers in view of the firearms and ammunition in the burglarized premises. Appellant answered that no one was with him. His answer was admitted at trial to prove his mental state. The court overruled an objection on *Miranda* grounds, finding that the statement was obtained by questioning which was reasonably necessary to protect the police from immediate danger from possible accomplices of appellant. (See *People v. Dean* (1974) 39 Cal.App.3d 875 [114 Cal.Rptr. 555].)

*Dean* involved questions motivated by a desire to rescue a kidnap victim. It is unnecessary to decide whether it applies to the present situation. Here the question was not an interrogation, i.e., "'"a process of inquiry that lends itself, even if not so designed, to elicit damaging statements to support...[a person's] arrest and ultimately his guilt."'" (*People v. Pettingill* (1978) 21 Cal.3d 231, 244 [145 Cal.Rptr. 861, 578 P.2d 108].) Its purpose was not to obtain direct or indirect evidence of an element of the crime. (Cf. *People v. Rucker* (1980) 26 Cal.3d 368, 386 [162 Cal.Rptr. 13, 605 P.2d 843].) The statement which it produced had scarcely any tendency to incriminate appellant, either by rebutting his defense of diminished capacity or by showing a consciousness of guilt on his part (to find that it did either, the jury would first have to find that the other person apprehended at the store was with appellant, and that fact was more probative than appellant's denial of it.)

Even if it were error to admit appellant's statement, we would consider the error to be harmless beyond a reasonable doubt. (*Chapman v. California* (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824, 24 A.L.R.3d 1065].)

■ After the apparent accomplice was discovered, appellant was placed in a police car, and an officer heard him shout to the officer who had arrested him and asked him who was with him, "Pool [the officer's name], I should have blown you away, when I had the chance." Appellant sought to exclude this statement under *Miranda* and Evidence Code section 352. The court ruled that it was spontaneous, i.e., not in response to questioning, a point which appellant concedes on appeal. He maintains that the statement's probative value was outweighed by its prejudicial effect. The statement would, of course, have tended to prejudice appellant, but it showed appellant's recognition of Officer Pool, awareness of his opportunity to have shot at him, and a motive which

was inconsistent with appellant's acting in a drunken stupor without evil intent, all of which tended to rebut his defense of diminished capacity. It cannot be said that the court, in admitting the evidence, abused its discretion under Evidence Code section 352.

4. *Reasons for denying probation and imposing aggravated terms.*

Appellant argues that the matter should be remanded for resentencing because the trial court failed to give its reason for denying probation or proper reasons for imposing an aggravated term.

■ Although the court must state its reasons for denying probation (Pen. Code, § 1170, subd. (c); *People v. Arceo* (1979) 95 Cal.App.3d 117 [157 Cal.Rptr. 10]), its reasons for imposing an aggravated term from which it necessarily follows that probation should be denied, are sufficient. (See *People v. Eades* (1979) 95 Cal.App.3d 688, 691 [157 Cal.Rptr. 223].)

■ The record before the sentencing judge contained support for his findings that appellant was engaged in a pattern of violent conduct, including prior arrests for assaultive behavior, carrying deadly weapons (if not on "numerous occasions" on at least two prior occasions), engaging in increasingly serious offenses (the last being the most serious of his seven adult convictions), and making violent threats, not only against the police officers in this case, but also against officers of the court in an earlier proceeding. These facts came within the aggravating factors provided by the Rules of Court, which serve as guidelines and are not exclusive, and provided ample justification for the aggravated term.

The judgment is affirmed.

White, P. J., and Scott, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 30, 1980. Newman, J., was of the opinion that the petition should be granted.