[Crim. Nos. 4032, 4033. Fifth Dist. Sept. 18, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
ARMANDO GARCIA DeJESUS, Defendant and Appellant.

## COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Ezra Hendon, Chief Assistant State Public Defender, Richard Shapiro, Roy K. Simmons, Christine Zilius, and Mark E. Cutler, Deputy State Public Defenders, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Eddie T. Keller and Thomas D. McCrackin, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**PIERSON, J.\***—On June 2, 1978, appellant was charged in a four-count information with possession of heroin for sale, possession of marijuana for sale, receiving stolen property and possession of methadone.

On July 5, 1978, another information containing six counts was filed against appellant charging possession of heroin for sale, three counts of receiving stolen property, possession of marijuana and possession of narcotic paraphernalia.

On September 6, 1978, appellant and his wife, codefendant in the June 2d information, appeared before Judge Bradley where these pertinent proceedings occurred: "MR. BLEIER [prosecution]: Your Honor, we have agreed with the defendants that if they enter a plea, both Mr. and Mrs. DeJesus, to Count I in 18793, and as to Mr. DeJesus, Count I in 18837, that we will dismiss the remaining counts in both of these informations as against each of them as they apply.

---

*Assigned by the Chairperson of the Judicial Council.

"The only agreements being that the defendants will have a right to urge the Court to initiate 3051 proceedings. However, under this agreement the People are not waiving objections to their fitness and intend to oppose such a disposition.

"All sentencing options are open to the Court if they should not go to C.R.C., that would include prison or probation and local time.

"There is no agreement as to whether the two counts as to Mr. DeJesus are to run concurrent or consecutive. That would also be left open to the Court.

"That is my understanding.

"MR. OLIVER [appellant's counsel]: Yes. Maybe the record should reflect, your Honor, that Mr. Houts [probation officer] previous comments about their acceptability, his checking with C.R.C. and their acceptability at the present time; that they are acceptable, Mr. DeJesus marginally because of the possible profiteering and possible violence."

After an intervening colloquy which ended in the codefendant's guilty plea, this exchange occurred between Judge Bradley and appellant: "THE COURT: If you enter a plea to Count I in 18793 and Case Number 18837, that these two offenses can carry a maximum of four years with the Department of Corrections. If you enter a plea, the matter will be referred to the Probation Office for the report and recommendation.

"Now, I might point out that the District Attorney indicated that there would be no agreement as to whether the pleas would be—the sentences would be concurrent or consecutive. If they were actually consecutive, you could serve a maximum of four years on one count and one-third, an additional one year on the second offense, which could be a maximum of five years. It is my duty to explain to you the maximum you are exposing yourself to here when you enter your plea.

"In addition, you could be placed on parole for a period of eighteen months.

"Now, the ultimate sentence you would receive would depend upon the Court based upon the recommendation of the Probation Office and any arguments that were presented to the judge at that time. In addi-

tion, there is a possibility that what is called 3051 proceedings would be instituted, which means that there would be a hearing to determine whether or not you are addicted or imminently in danger of becoming addicted. If there is such a hearing instituted and the Court finds that you are addicted or imminently in danger of becoming addicted, you could be sent to the California Rehabilitation Center for treatment and then when you were released from there you would be returned to the Court and ultimately sentenced for the offenses to which you have pled here.

"There is no agreement as to whether or not 3051 proceedings will be instituted and there is no agreement as to actually the amount of time or whether it would be consecutive or concurrent that would be imposed.

"Do you fully understand all that?

"DEFENDANT A. DEJESUS: (Nods head.)"

After finding that appellant's plea was being entered freely and voluntarily, and eliciting that appellant had discussed possible defenses and the ramifications of the plea with his counsel, Judge Bradley advised appellant of his *Boykin-Tahl* rights, received the requisite express waivers, and accepted appellant's guilty plea. The matter was referred to the probation office and pronouncement of judgment was set 28 days away for October 4, 1978.

On October 4th the cases involving appellant and his wife were calendared to be heard in another department, but on request of appellant's counsel they were transferred to Judge Bradley. Upon calling the cases, Judge Bradley noted that he had not had an opportunity to see the probation reports and inquired about the case going over to October 5th. Appellant's wife moved to continue the case until October 5th and waived time for that purpose. Appellant also waived time for pronouncement of judgment on condition that the case would be before Judge Bradley for judgment.

On October 5th Judge Bradley was absent due to the death of a member of his family the preceding evening. Appellant's cases were therefore called by Judge Ballantyne. Appellant protested the cases proceeding without Judge Bradley presiding and moved for a continuance

until Judge Bradley's return. It was indicated that Judge Bradley would return to court on October 10th. Continuance was opposed by the district attorney. After consideration of counsels' comments, the request to continue was denied.

Appellant requested that he be processed under section 3051 of the Welfare and Institutions Code as a narcotic addict. The request was denied and appellant was sentenced to the Department of Corrections for a three-year term plus a one-year consecutive term.

Appellant contends that it was reversible error (1) to fail to continue the case so that Judge Bradley could pronounce judgment and (2) to fail to institute Welfare and Institutions Code section 3051 proceedings.

■ IT WAS ERROR FOR THE TRIAL COURT TO REFUSE TO CONTINUE THE PRONOUNCEMENT OF JUDGMENT SO THAT THE JUDGE WHO ACCEPTED THE PLEA BARGAIN COULD PRESIDE AT JUDGMENT

This point was settled in the case of *People* v. *Arbuckle* (1978) 22 Cal.3d 749 [150 Cal.Rptr. 778, 587 P.2d 220]. There appellant Arbuckle argued that the sentencing judge's refusal to transfer the case to the judge who accepted the plea bargain was erroneous. The Supreme Court agreed "that the plea bargain...was entered in expectation of and in reliance upon sentence being imposed by the same judge." (*Id.* at p. 756.)

The court went on to state: "As a general principle, moreover, whenever a judge accepts a plea bargain and retains sentencing discretion under the agreement, an implied term of the bargain is that sentence will be imposed by that judge. Because of the range of dispositions available to a sentencing judge, the propensity in sentencing demonstrated by a particular judge is an inherently significant factor in the defendant's decision to enter a guilty plea. [Citations.]" (*Id.* at pp. 756-757.)

The court in *Arbuckle* held that the defendant is entitled to be sentenced by the judge who accepts the guilty plea pursuant to plea bargain "or if internal court administrative practices render that impossible, then in the alternative defendant should be permitted to withdraw his plea." (*Id.* at p. 757, fn. omitted.)

In the *Arbuckle* case, the repeated use of the personal pronoun by the judge accepting the plea was cited in support of the conclusion that the plea was entered in reliance that the same judge would preside at time of sentencing. No such phrasing was used by Judge Bradley in the instant case. However, the lack of use of the personal pronoun by the trial judge was considered in *In re Ray O.* (1979) 97 Cal.App.3d 136, 139 [158 Cal.Rptr. 550] and rejected as insignificant. The court in *Ray O.* held: "In the absence of clear waiver, whenever a juvenile enters a plea bargain before a judge he has the right to be sentenced by that same judge. Ray O. is entitled to be sentenced by the same judge before whom he entered his plea or (in accordance with the procedure set forth in *Arbuckle* at p. 757) if internal court administrative procedures render that impossible, then in the alternative Ray O. should be permitted to withdraw his admission of burglary. Should the admission be withdrawn, the prosecution shall have the right to reinstate the dismissed count." (*Id.* at pp. 139-140, fn. omitted.)

*People* v. *West* (1980) 107 Cal.App.3d 987, 991-992 [165 Cal.Rptr. 24], rejected a claim of error that the judge accepting the plea bargain was not the judge who pronounced sentence. However, in *West* no request was made to transfer the case to another judge for pronouncement of judgment. In the instant case appellant preserved his rights by making the request to transfer the case to Judge Bradley for judgment. Judge Bradley's temporary absence until the 10th of October was not such a factor as to constitute impossibility within *Arbuckle*. Appellant was willing to waive time and a five-day continuance under the circumstances would not be excessive. Appellant, upon denial of his request to transfer the case to the judge who accepted the plea bargain, need not withdraw his plea of guilty or be deemed to have waived his right to appeal the ruling.

██ THE ARBUCKLE RULE APPLIES RETROACTIVELY TO APPELLANT'S CASE

The general principle stated in *Arbuckle* that "whenever a judge accepts a plea bargain and retains sentencing discretion under the agreement, an implied term of the bargain is that sentence will be imposed by that judge," is a new rule of law.

██ In determining whether to give retroactive effect to the *Arbuckle* implied condition, three considerations are to be examined: "(a) the

purpose to be served by the new standards, (b) the extent of reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of retroactive application of the new standards. [Citations.]" (*Pryor* v. *Municipal Court* (1979) 25 Cal.3d 238, 257 [158 Cal.Rptr. 330, 599 P.2d 636].)

The purpose of the *Arbuckle* rule was to enforce all of the conditions of the plea bargain. This was to ensure the validity of the guilty plea. The plea could be withdrawn if the conditions of the bargain were not met.

The *Arbuckle* rule does not apply to law enforcement procedures. Authorities in that field were not faced with plea bargains before the court. On the other hand trial judges could scarcely have anticipated the *Arbuckle* rule. The trial court's concept of plea bargaining prior to *Arbuckle* was that any conditions pertinent to the rendition of the guilty plea would be expressly stated to the court prior to entering the plea. However, partial retroactive application of *Arbuckle* would not impose an unreasonable or unmanageable burden on the state.

■ Retroactively, *Arbuckle* shall be given application only to defendants who (1) pled guilty before one judge; (2) appeared for pronouncement of judgment before a second judge; (3) expressly requested a transfer of the case for judgment to the first judge; (4) the request for transfer was denied; and (5) the case was not final on appeal as of January 12, 1979, the date of finality of *People* v. *Arbuckle, supra*, 22 Cal.3d 749.

The discussion in *In re Johnson* (1970) 3 Cal.3d 404, 411 [90 Cal.Rptr. 569, 475 P.2d 841] which explained that fully retroactive decisions are seen as vindicating a right which is essential to a reliable determination of whether an accused should suffer a penal sanction is considered as persuasive for the partial retroactivity applied in the instant case.

Determination of guilt is established by proof at trial or by guilty plea. In either event the establishment of guilt is "essential to a reliable determination of whether an accused should suffer a penal sanction."

Appellant is entitled to have Judge Bradley pronounce sentence unless that is an impossibility—in which event he is entitled to withdraw his plea of guilty.

Appellant contends that the trial court improperly failed to institute narcotic addict commitment proceedings. We have reviewed the full record and find no abuse of discretion. However, we take no position as to what determination the trial court should make upon remand.

Judgment is reversed and the cause is remanded to the trial court for the pronouncement of judgment by Judge Bradley. In the event it is impossible for Judge Bradley to pronounce judgment, appellant shall be permitted to withdraw his plea of guilty for the purpose of entering a new plea. Should the guilty plea be withdrawn, the prosecution shall have the right to reinstate the dismissed counts.

Brown (G. A.), P. J., and Thompson, J.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 12, 1980.

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.