[Crim. No. 20860. First Dist., Div. Four. Feb. 4, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT PEDREGON, Defendant and Appellant.

**COUNSEL**

Hovde, Worthington, Miller & Boyd and Thomas S. Worthington for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, and Thomas A. Brady, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**POCHÉ, J.**—Robert Pedregon appeals from a judgment of imprisonment imposed by a judge other than the one who accepted the plea bargain. The sole question is whether the rule of *People* v. *Arbuckle* (1978) 22 Cal.3d 749, 756-757 [150 Cal.Rptr. 778, 587 P.2d 220], applies to a visiting judge. We hold that it does.

## Facts

By information filed in San Benito County, appellant was charged with (count I) assault with intent to commit murder (Pen. Code, § 217), accompanied by infliction of great bodily injury (Pen. Code, § 12022.7) and use of a deadly weapon (Pen. Code, § 12022), (count II) assault with a deadly weapon (Pen. Code, § 245) accompanied by the intentional infliction of great bodily injury (Pen. Code, § 12022.7), and (count III) conspiracy to commit battery (Pen. Code, §§ 182, 242).

Judge William Fernandez, on assignment from Santa Clara County, accepted the plea bargain pursuant to which appellant entered a plea of guilty to assault with a deadly weapon and waived jury trial on the section 12022.7 allegation of intentional infliction of great bodily injury. In return it was agreed that counts I and III would be dismissed. Sentencing was left "to the Judge's discretion."

At the trial on the section 12022.7 allegation Judge Fernandez determined appellant had intended to and did inflict great bodily injury. He then set June 5, 1979, for acceptance of the probation report and for sentencing. By that date Judge Fernandez had returned to Santa Clara County. ■ Appellant insisted he was entitled to be sentenced by Judge Fernandez and he objected to being sentenced by any other judge. These objections were overruled, appellant was sentenced to prison and this appeal followed.

## Arbuckle

Microscopic perusal of the *Arbuckle* text is not required to decide this case. The Supreme Court found it to be a general principle that "whenever a judge accepts a plea bargain and retains sentencing discretion under the agreement, an implied term of the bargain is that sentence will be imposed by that judge." (*Id.*, at pp. 756-757.)

Respondent argues that the repeated use of the personal pronoun by the judge who accepted the plea in *Arbuckle* distinguishes the instant case where no such phrasing was employed. That contention was rejected not only by *People* v. *DeJesus* (1980) 110 Cal.App.3d 413, 419 [168 Cal.Rptr. 8] and *In re Ray O.* (1979) 97 Cal.App.3d 136, 139 [158 Cal.Rptr. 550], but as we have noted the *Arbuckle* court's finding of an implicit term in every plea bargain that the sentence will be imposed by the judge who accepts the plea.

Nor is *Arbuckle*, which arose in Los Angeles County, limited to interdepartmental transfers. Our Supreme Court, not oblivious to administrative difficulties, explicitly recognized that in "multi-judge courts, a judge hearing criminal cases one month may be assigned to other departments in subsequent months" but nevertheless held that "a defendant's reasonable expectation of having his sentence imposed, pursuant to bargain and guilty plea, by the judge who took the plea and ordered sentence reports should not be thwarted for mere administrative convenience. If the original judge is not available for sentencing purposes after plea bargain, the defendant must be given the option of proceeding before the different judge available or of withdrawing his plea." (*Id.*, at p. 757, fn. 5.) If administrative inconvenience in Los Angeles County does not modify the rule, neither does Judge Fernandez' trip from San Jose to Hollister.

The Attorney General's final argument that *Arbuckle* hinged upon the defendant's knowledge of the particular judge's reputation for sentencing and that the lack of such knowledge by the defendant in this case renders *Arbuckle* inapposite. We disagree. Although the court recognized that "propensity in sentencing demonstrated by a particular judge is an inherently significant factor in the defendant's decision to enter a guilty plea" (*id.*, at p. 757), it based its holding not on that factor but on the broader principle that plea bargaining is impliedly based upon the expectation that the sentence will be imposed by the judge who accepted the plea bargain.

Appellant is entitled to pronouncement of judgment by Judge Fernandez. In the event Judge Fernandez is not available, appellant must be allowed to withdraw his guilty plea. Should the guilty plea be withdrawn, the prosecution of course has the right to reinstate the dismissed counts.

### Good Time/Work Time Credits

Appellant contends that he is entitled to additional presentence good time/work time credits. (*People v. Sage* (1980) 26 Cal.3d 498 [165 Cal.Rptr. 280, 611 P.2d 874].) On remand the sentencing judge is directed to calculate the number of presentence custody days entitling defendant to conduct credits under *People v. Sage, supra.*

The judgment is reversed and the case remanded for further proceedings in accordance with the views expressed herein.

Rattigan, Acting P. J., concurred.

**ANDERSON, J.**\*—I concur in the judgment only.

I respectfully disagree with the majority that *People* v. *Arbuckle* (1978) 22 Cal.3d 749 [150 Cal.Rptr. 778, 587 P.2d 220], requires the judge before whom the plea is given to impose sentence in *every* case. By its very language *Arbuckle* is limited to its peculiar facts: "We agree that the plea bargain *herein* was entered in expectation of and in reliance upon sentence being imposed by the same judge. Our conclusion is supported by the judge's repeated use of the personal pronoun when referring to sentencing in the proceeding in which the plea bargain was accepted." *People* v. *Arbuckle, supra,* at page 756 (italics added).

In the instant case not only is there a lack of Judge Fernandez's use of the personal pronoun,[1] but there is even less basis to speculate that an implied term of the bargain was that he, Judge Fernandez, would sentence the appellant. Unlike Arbuckle, the appellant herein was on notice that Judge Fernandez might not be around for sentencing, since Judge Fernandez was a visiting judge and it is well known that visiting judges do not visit forever.

Furthermore, *Arbuckle* does not even consider the application of Penal Code section 1053 to plea negotiations. Long before enactment of section 1053 in 1911 it was well settled that a different judge may sentence: "A judge who did not try the case, then, may have jurisdiction to pronounce the sentence." *People* v. *Henderson* (1865) 28 Cal. 465. The *Henderson* court, in upholding a second judge ruling on a motion *for new trial, speaks in terms of "sufficient reason"*: "We must presume that a sufficient reason existed to justify this change in the Bench . . ." *People* v. *Henderson, supra,* at page 476. Whether or not such a presumption of sufficient reason applies to pleas of guilty in which there is no implied or express term to be sentenced by the judge taking the plea and there is no agreement of counsel has not been decided by any appellate authority.

---

\*Assigned by the Chairperson of the Judicial Council.

[1]In *Arbuckle* Judge London expressly told the defendant, inter alia, "*I* have agreed, . . . that before *I* could send you to the State prison, I would have to get that 90-day diagnostic study and I would follow the recommendation." (First italics added. Original italics deleted.) *People* v. *Arbuckle, supra,* at footnote 1, page 759.

In any event, assuming that section 1053 does find application to plea negotiations, that section authorizes substitution only if the judge presiding "shall die, become ill, or for any other reason be unable to proceed with the trial." The record here is totally barren of any suggestion that Judge Fernandez is UNABLE to proceed, and absent such a showing the appellant's objection to being sentenced by a substitute judge is well taken.