[Crim. No. 21747. First Dist., Div. Four. Feb. 23, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
WELCOME CLAY WATSON, Defendant and Appellant.

COUNSEL

Joseph K. Allen, under appointment by the Court of Appeal, and Allen & O'Malley for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Gloria F. DeHart and Thomas A. Brady, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**CALDECOTT, P. J.**—On August 3, 1977, defendant pleaded guilty before Judge Calcagno to possession of a completed check with intent to defraud (Pen. Code, § 475a). The plea was a negotiated one, entered upon condition that imposition of sentence would be suspended and that defendant would be placed on probation for 3 years with a maximum commitment of 160 days in county jail. The court thus retained some, albeit quite limited, discretion. On August 24, Judge Calcagno suspended imposition of sentence and placed defendant on probation for 3 years with the condition he serve 160 days in county jail.

Subsequently, the court summarily revoked defendant's probation. On July 2, 1980, he appeared for formal revocation proceedings at

which time he moved to withdraw his guilty plea. He alleged that since Judge Calcagno had died in May of 1980, he would be unable to consider the question of probation revocation and imposition of sentence following revocation. Thus, under *People* v. *Arbuckle* (1978) 22 Cal.3d 749 [150 Cal.Rptr. 778, 578 P.2d 220, 3 A.L.R.4th 1171], defendant was entitled to the option of withdrawing his guilty plea.

The court denied defendant's motion to withdraw his guilty plea. It then ordered probation continued but modified by a one-year extension and confinement in county jail for one year with credit for time served. Defendant filed a timely appeal in which he contests the denial of his motion to withdraw his guilty plea. We affirm.

*People* v. *Arbuckle, supra,* 22 Cal.3d at pages 756-757, held that when a judge accepts a plea bargain involving sentencing discretion, an implied term is that he will be the judge to impose sentence. Thus, a defendant is entitled either to be sentenced by that same judge or, if that is impossible, to withdraw his guilty plea. (See 22 Cal.3d at p. 757.)

*Arbuckle* and the cases applying it (see *People* v. *Pedregon* (1981) 115 Cal.App.3d 723, 725-726 [171 Cal.Rptr. 468]; *People* v. *DeJesus* (1980) 110 Cal.App.3d 413, 417-419 [168 Cal.Rptr. 8]; *People* v. *West* (1980) 107 Cal.App.3d 987, 992 [165 Cal.Rptr. 24]; *In re Ray O.* (1979) 97 Cal.App.3d 136, 139-140 [158 Cal.Rptr. 550]) involve situations where the original judge was unavailable for sentencing due to internal administrative scheduling problems. *Arbuckle* speaks only of such situations and it is doubtful whether its mandate would apply when, as here, the judge is unavailable due to his death.

In any event, we are persuaded that if *Arbuckle* applies, it was complied with. Defendant was given the benefit of the implied term when Judge Calcagno imposed probation on the conditions agreed to. Technically, the court did not "sentence" defendant in that it suspended imposition of sentence and imposed probation. (Witkin, Cal. Criminal Procedure (1963) Appeal, § 648, p. 641, and (1978 supp.) § 648, p. 976.) Although *Arbuckle* states that a defendant is entitled to be "sentenced" by the judge who took the plea, it did not address the situation where the court suspends imposition of sentence and imposes probation, all in accordance with the plea bargain. The rationale behind *Arbuckle* is satisfied in such a case, however, as the judge who takes the plea carries out its terms in a sentencing-like proceeding. Defendant got exactly what he bargained for.

Defendant would have us hold that if probation is revoked years after the bargain is kept and sentence technically imposed for the first time, he is entitled to have the same judge who accepted the plea impose "the sentence." We decline to reach such an absurd result.

Because defendant obtained the benefits, express and implied, of his plea bargain, he was not entitled to withdraw his guilty plea.

Judgment affirmed.

Rattigan, J., and Christian, J., concurred.