780 F.2d 1022
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
LARRY McCLOUD, Petitioner-Appellant,
v.
TERRY D. TAYLOR, Respondent-Appellee.
 84-3716
 United States Court of Appeals, Sixth Circuit.
 11/15/85
 AFFIRMED
 S.D.Ohio
 ORDER
 
 1
 BEFORE: MERRITT and MARTIN, Circuit Judges; and JOHNSTONE, District Judge*.
 
 
 2
 The petitioner appeals the judgment denying his pro se petition for a writ of habeas corpus. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The petitioner was indicted in 1980 for the offenses of receipt of stolen property, aggravated robbery, and attempted murder. Pursuant to a plea bargain whereby the State dropped the attempted murder charge, the petitioner appeared before Visiting Judge Detling of the Hamilton County Court of Common Pleas and entered guilty pleas to the two remaining charges. Judge Detling ordered a presentence investigation and sentencing was postponed. When the petitioner appeared for sentencing, he learned for the first time that Judge Detling was unavailable and that his case had been reassigned to the docket of Judge Gorman. He vehemently protested the reassignment and was finally removed from the courtroom. Judge Gorman then sentenced him to maximum sentences, with such sentences to run concurrently.
 
 
 4
 On direct appeal, the petitioner asserted the reassignment of judges did not comply with state procedural rules and that he had a right to be sentenced by Judge Detling as an inherent part of the plea bargain. The Ohio Court of Appeals found those arguments without merit and affirmed the conviction. The Ohio Supreme Court denied leave to appeal thereto.
 
 
 5
 The petitioner then prepared this habeas petition raising the same issues found without merit in the state courts. The district court likewise found the claims without merit and denied relief. This timely appeal followed.
 
 
 6
 The district court held that the alleged violation of a state procedural rule does not, without more, raise an issue cognizable in a federal habeas corpus action. See VanPoyck v. Wainwright, 595 F.2d 1083, 1086 (5th Cir. 1979); United States ex rel Hayward v. Johnson, 508 F.2d 322, 329-30 (3rd Cir.), cert. denied, 422 U.S. 1011 (1975). Here, the Ohio Court of Appeals found the reassignment complied with state law. The district court did not err in finding the petitioner's claim did not state a cause of action under Sec. 2254.
 
 
 7
 The petitioner also asserted that sentencing by Judge Detling was an inherent part of the plea bargain and that he had a right to withdraw his guilty plea when Judge Detling was unavailable to sentence him. Although one state recognizes such a right, see People v. Arbuckle, 22 Cal. 3d 749, 150 Cal. Rptr. 778, 587 P.2d 220 (1978); People v. Pedregon, 115 Cal. App. 3d 723, 171 Cal. Rptr. 468 (1981); those decisions are based upon state law. The petitioner did not present nor does our research disclose, any cases recognizing such a right under federal constitutional law.
 
 
 8
 Nor did the petitioner show any express violation of the plea bargain. According to statements made by the prosecutor and defense counsel at the sentencing hearing, Judge Detling indicated at the plea hearing that he would give the petitioner concurrent sentences and would consider minimum sentences. Both agree that no promise was made that the petitioner would actually receive minimum sentences. In fact, Judge Gorman considered minimum sentences, but found them inappropriate in light of the petitioner's past criminal record, the seriousness of the crimes, and his behavior in court. He did order the sentences, however, to be served concurrently. Thus, the petitioner received that for which he bargained and he can show no prejudice in being sentenced by a judge other than the judge who accepted the guilty plea. His purely subjective belief that he would receive minimum sentences did not render his guilty plea involuntary. See Miles v. Parratt, 543 F.2d 638 (8th Cir. 1976); United States ex rel. LaFay v. Fritz, 455 F.2d 297 (2d Cir.), cert. denied, 407 U.S. 923 (1972). The district court did not err in finding this claim without merit.
 
 
 9
 It is ORDERED that the district court's judgment of July 6, 1984, be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Edward H. Johnstone, U.S. District Judge for the Western District of Kentucky, sitting by designation