Filed 7/18/23

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MAEREICHELLE VILLAMOR MARQUEZ,<br><br>    Defendant and Appellant. | D080411<br><br><br><br>(Super. Ct. No. SCD289473) |

APPEAL from an order of the Superior Court of San Diego County, Polly H. Shamoon, Judge. Affirmed.

Justin Behravesh, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christine Levingston Bergman, A. Natasha Cortina, Collette C. Cavalier and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.


MaeReichelle Villamor Marquez appeals the order directing her to pay restitution to the victim of her crimes. She claims the trial court breached

the implied agreement under *People v. Arbuckle* (1978) 22 Cal.3d 749 (*Arbuckle*) that the same judge who accepted her guilty plea and sentenced her to prison would also determine the amount of victim restitution to be awarded. We affirm.

BACKGROUND

Marquez and two others fraudulently used the identities of 60 prisoners to obtain unemployment benefits from the Employment Development Department (the Department). The People charged Marquez with 21 felonies, some arising out of her participation in the fraudulent scheme and others out of her possession of controlled substances. The People charged the two others with felonies arising out of their participation in the fraudulent scheme.

On September 30, 2021, Marquez pleaded guilty before the Honorable Daniel F. Link to making a false statement to obtain unemployment benefits (count 1; Unemp. Ins. Code, § 2101, subd. (a)), possession for sale of a controlled substance (count 8; Health & Saf. Code, § 11351), and unauthorized use of the personal identifying information of another (count 15; Pen. Code, § 530.5, subd. (a)). She admitted allegations attached to count 1 that she was out on bail in another case when she committed the offense (Pen. Code, § 12022.1, subd. (b)) and that the fraudulent scheme resulted in losses to the victim of more than $500,000 (*id.*, § 186.11, subd. (a)(1), (2)). Marquez and the People agreed to an indicated prison sentence range of four to seven years, and Judge Link granted the People's motion to dismiss all other charges. Marquez agreed "[r]estitution to [the Department] [would] be joint and several with co-defendants."

On November 1, 2021, Judge Link sentenced Marquez to prison for the lower term of 16 months on count 1 (Unemp. Ins. Code, § 2122; Pen. Code,

2

§ 18, subd. (a)), plus a consecutive lower term of two years for the enhancement for participation in a fraudulent scheme causing the victim to lose more than $500,000 (Pen. Code, § 186.11, subd. (a)(2)), plus a consecutive term of two years for the out-on-bail enhancement (*id.*, § 12022.1, subd. (b)), for a total term of five years four months. He imposed concurrent prison terms on counts 8 and 15. Judge Link imposed a minimum restitution fine of $300 and a corresponding parole revocation restitution fine. (*Id.*, §§ 1202.4, subd. (b)(1), 1202.45, subd. (a).) He set a hearing on victim restitution for January 13, 2022, and later continued it to March 15, 2022.

Marquez's codefendants also entered guilty pleas and were sentenced. The codefendants agreed the obligation to pay victim restitution would be joint and several.

On March 15, 2022, counsel for Marquez and counsel for her codefendants appeared for the restitution hearing before the Honorable Polly H. Shamoon. Marquez's counsel objected to Judge Shamoon deciding the amount of restitution on the ground Marquez had not signed an *Arbuckle* waiver when she pleaded guilty. Judge Shamoon overruled the objection and, based on an accounting of the unemployment benefits paid by the Department, ordered Marquez and her codefendants to pay the Department $1,176,235 in restitution.

Marquez appealed the victim restitution order. (See Pen. Code, § 1237, subd. (b) [postjudgment order affecting defendant's substantial rights is appealable]; *People v. Ford* (2015) 61 Cal.4th 282, 286 ["The court's order of restitution was appealable, as it was made after judgment and affected defendant's substantial rights."].)

DISCUSSION

Marquez asks us to reverse the victim restitution order issued by Judge Shamoon and to remand the matter for a new hearing before Judge Link. Relying on *Arbuckle*, *supra*, 22 Cal.3d 749, she contends that because awarding victim restitution is part of sentencing, Judge Shamoon's imposition of that order constituted a breach of the term implied in the bargain that Judge Link, who approved the bargain, would also sentence her. Marquez further contends she need not demonstrate prejudice to obtain a reversal, but even if she must, Judge Link's greater involvement in the case makes it reasonably probable he would have ordered a lower amount of restitution. As we shall explain, because *Arbuckle* does not require the same judge who approves a plea bargain also determine the amount of victim restitution, we reject Marquez's contention the bargain was breached when Judge Shamoon set the restitution amount. We therefore need not, and do not, address her contention regarding prejudice.

We begin by summarizing *Arbuckle*, *supra*, 22 Cal.3d 749. In that case, the defendant pleaded guilty to one charge in exchange for the People's dismissal of another two, and the parties agreed the sentencing judge would follow the recommendation of the Department of Corrections on the sentence to be imposed. (*Id.* at p. 752.) Over the defendant's objection, a judge different from the one who accepted the plea bargain sentenced the defendant to prison. (*Id.* at p. 753.) On appeal, our Supreme Court stated "the plea bargain herein was entered in expectation of and in reliance upon sentence being imposed by the same judge." (*Id.* at p. 756.) The court then held: "As a general principle, moreover, whenever a judge accepts a plea bargain *and retains sentencing discretion under the agreement*, an implied term of the bargain is that sentence will be imposed by that judge. *Because of the range*

4

*of dispositions available to a sentencing judge, the propensity in sentencing demonstrated by a particular judge is an inherently significant factor in the defendant's decision to enter a guilty plea.* [Citations.] [¶] Because the defendant has been denied that aspect of his plea bargain, the sentence imposed by another judge cannot be allowed to stand." (*Id.* at pp. 756-757 (lead opn. of Mosk, J., joined by Tobriner & Manuel, JJ.), italics added; see *id.* at pp. 757-758 (conc. opn. of Newman, J., joined by Bird, C.J.) [agreeing with "the holding that defendant was denied part of his plea bargain"]; see also *K.R. v. Superior Court* (2017) 3 Cal.5th 295, 312 (*K.R.*) [approving holding of *Arbuckle* lead opn.].)

The italicized portions of the quotation from *Arbuckle*, *supra*, 22 Cal.3d 749, in the preceding paragraph show the Supreme Court was there concerned with preserving a defendant's "reasonable expectation" that the same judge who approves a plea bargain will also get to exercise discretion in choosing from the multiple dispositions available at sentencing (e.g., granting probation or imposing a prison term). (*Id.* at p. 757, fn. 5; see *K.R.*, *supra*, 3 Cal.5th at p. 306, fns. 3 & 4 [citing with approval secondary sources stating *Arbuckle* applies when judge who accepts plea bargain retains sentencing discretion]; *People v. Watson* (1982) 129 Cal.App.3d 5, 7 (*Watson*) [under *Arbuckle*, "when a judge accepts a plea bargain involving sentencing discretion, an implied term is that he will be the judge to impose sentence"].) That expectation was met when Judge Link exercised his discretion at the November 1, 2021 sentencing hearing to impose lower prison terms for the offense and one of the attached enhancements on count 1, concurrent rather than consecutive terms on the other counts, and minimum fines. "Once that sentence was imposed, *Arbuckle* no longer applied." (*People v. Beaudrie* (1983) 147 Cal.App.3d 686, 694 [*Arbuckle* applied to original sentencing at

5

which defendant was granted probation, not to later sentencing after probation was revoked].)

In awarding victim restitution, by contrast, a judge has no similar discretion to select from a "range of dispositions available." (*Arbuckle, supra,* 22 Cal.3d at p. 757.) "Restitution *shall* be ordered from the convicted wrongdoer in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss." (Cal. Const., art. I, § 28, subd. (b)(13)(B), italics added.) The statute implementing the constitutional mandate provides: "[I]n *every* case in which a victim has suffered economic loss as a result of the defendant's conduct, the court *shall* require that the defendant make restitution to the victim or victims in an amount established by court order . . . . The court *shall* order *full* restitution." (Pen. Code, § 1202.4, subd. (f), italics added.) Other portions of the statute implicitly authorize the amount of restitution to be decided by a judge other than the one who accepted the plea bargain and imposed sentence. (See *ibid.* ["*If the amount of loss cannot be ascertained at the time of sentencing*, the restitution order shall include a provision that the amount shall be determined at the direction of the court." (Italics added.)]; *id.*, subd. (f)(1) ["The defendant has the right to a hearing before *a* judge to dispute the determination of the amount of restitution." (Italics added.)]; *id.*, subd. (f)(3) ["*To the extent possible*, the restitution order shall be prepared by the sentencing court." (Italics added.)].) Although a victim restitution award is ultimately included in a defendant's sentence, determination of the *amount* of restitution is outside the scope of discretionary sentencing choices which are "an inherently significant factor in the defendant's decision to enter a guilty plea." (*Arbuckle*, at p. 757.) A defendant who pleads guilty therefore has no reasonable expectation the same judge who accepted the plea will also decide

the amount of restitution to be awarded to the victim, and no such condition is implied as a term of the bargain.  (See *id.* at p. 757, fn. 5; *K.R.*, *supra*, 3 Cal.5th at p. 304 [courts apply general contract principles when interpreting or enforcing plea bargains]; *Nein v. HostPro, Inc.* (2009) 174 Cal.App.4th 833, 852 [term may be implied only when necessary to protect contracting parties' intentions and reasonable expectations]; *Ben-Zvi v. Edmar Co.* (1995) 40 Cal.App.4th 468, 473 [same].)

We find support for our conclusion in *In re Cristian S.* (2017) 9 Cal.App.5th 510 (*Cristian S.*), which rejected a minor's claim that because victim restitution is part of disposition, the determination of the amount of restitution by a judge other than the one who handled the plea and disposition hearings violated *Arbuckle*.  The Court of Appeal noted a statute requires payment of restitution for a victim's losses (Welf. & Inst. Code, § 730.6, subds. (a)(2)(B), (h)(1)); provides for determination of the amount of restitution at any time during the commitment or probation period, if the amount cannot be determined at the time of disposition (*id.*, subd. (h)(1)); authorizes the court to direct the probation officer to determine the amount, which the minor may challenge in court (*id.*, subd. (h)(1), (2)); and makes any portion of the restitution order unpaid during the period of commitment or probation enforceable as a civil judgment afterwards (*id.*, subds. (*l*), (r); Pen. Code, § 1214, subd. (b)).  (*Cristian S.*, at p. 524.)  The Court of Appeal found these features of the statutory scheme and the six-month delay between the disposition hearing and the victim restitution hearing in that case made any expectation by the minor that the same judge would decide both matters "unreasonable," and "conclude[d] that the right afforded by *Arbuckle* does not apply to contested victim restitution hearings in juvenile court."  (*Ibid.*)

7

Like the statutory scheme at issue in *Cristian S.*, *supra*, 9 Cal.App.5th 510, the scheme at issue here makes an award of victim restitution mandatory; permits determination of the amount of restitution after imposition of sentence, if the amount cannot be determined earlier; allows a court in some cases to delegate determination of the amount to a probation officer; gives the defendant a right to a hearing before a judge to contest the amount; and provides for enforcement of the restitution order as a civil judgment. (Pen. Code, §§ 1202.4, subds. (f), (i), 1202.46, 1214, subd. (b); *People v. Zuniga* (2022) 79 Cal.App.5th 870, 875 (*Zuniga*).) Also, similar to the delay between the disposition and contested restitution hearings that occurred in *Cristian S.*, in this case there was a four-and-a-half month delay between the sentencing hearing and the victim restitution hearing. Under *Cristian S.*, then, any expectation by Marquez that Judge Link would preside at both hearings was unreasonable, and she had no implied contractual right under *Arbuckle* to have him determine the amount of restitution.

Marquez attempts to distinguish *Cristian S.*, *supra*, 9 Cal.App.5th 510, by pointing out a difference between the language of the victim restitution statute that applies to minors and the language of the statute that applies to adults. The statute applicable to minors states: "If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court *at any time during the term of the commitment or probation*." (Welf. & Inst. Code, § 730.6, subd. (h)(1), italics added.) The statute applicable to adults contains the same sentence except for the italicized words. (Pen. Code, § 1202.4, subd. (f).) Marquez asserts this is "a crucial distinction" that should limit *Cristian S.* to juvenile court cases, but she does not explain why. We reject the assertion.

The *Cristian S.* court quoted the statutory provision we quoted in the preceding paragraph, but the italicized words were not "crucial" to its analysis or conclusion. Rather, the court cited several statutory provisions that made clear the amount of restitution might not be determined until months or years after a plea bargain and disposition and might be determined by a probation officer, and from them concluded a hearing to determine the amount of restitution is unlike the initial sentencing hearing at issue in *Arbuckle* and need not be held by the same judge who approved the plea bargain. (*Cristian S.*, *supra*, 9 Cal.App.5th at pp. 523-524.) As discussed above, the statutes governing victim restitution in criminal proceedings against adults also make clear determination of the restitution amount might not occur until well after plea bargain and sentencing and in some cases might be made by a probation officer. In particular, one provision states: "[W]hen the economic losses of a victim cannot be ascertained at the time of sentencing . . . , the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined." (Pen. Code, § 1202.46.) It is thus possible the restitution amount could be determined months or years after a plea bargain and sentencing, or even after the defendant served the sentence or completed probation. (See, e.g., *Zuniga*, *supra*, 79 Cal.App.5th 870 [affirming victim restitution order made more than three years after defendant pleaded guilty and nearly one year after probation terminated].) Such "passage of time 'creates a lower expectation that—unlike at the time of the plea bargain—the original sentencing judge will still be available, let alone hearing criminal matters[.]' " (*Cristian S.*, at pp. 523-524; see *Watson*, *supra*, 129 Cal.App.3d at p. 8 [rejecting as "absurd" defendant's claim *Arbuckle* required same judge who accepted guilty plea and

9

granted probation also impose sentence upon revocation of probation nearly three years later].)  Hence, the same factors that made *Arbuckle* inapplicable to the minor's victim restitution hearing in *Cristian S.* make it inapplicable to Marquez's hearing.

DISPOSITION

The victim restitution order is affirmed.


IRION, J.

WE CONCUR:



McCONNELL, P. J.



O'ROURKE, J.

10