[Civ. No. 27389. First Dist., Div. One. Sept. 18, 1970.]

In re MICHAEL M., a Person Coming Under the Juvenile Court Law.
JOHN A. DAVIS, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
MICHAEL M., Defendant and Appellant.

742

**COUNSEL**

Edwin R. Baltimore for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Horace Wheatley, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ELKINGTON, J.**—A petition filed with the Contra Costa County Juvenile Court under the provisions of article 7, sections 650-664, Welfare and

Institutions Code, alleged that Michael M., a minor, aged 17, "did sell a restricted dangerous drug, to wit: a hallucinogen known as lysergic acid diethylamide (LSD) . . . thereby violating section 11912 of the Health and Safety Code of California" and that he therefore came "within the provisions of section 602 of the Juvenile Court Law [Welf. & Inst. Code]."

The juvenile court thereafter found the allegations of the petition to be true and committed Michael to the California Youth Authority. The proceedings on which the finding and commitment were based were the following: "THE COURT: The reason for this hearing this morning is that a petition was filed in the Juvenile Court, stating that Michael comes within Section 602 of the Juvenile Court Law, in that on or about May 7, 1969, he did sell a restricted dangerous drug, LSD, without a written prescription, thereby violating Section 11912 of the Health and Safety Code. Counsel, does your client admit or deny that? [COUNSEL]: My client admits that, Your Honor. THE COURT: Michael, is that true? THE MINOR: Yes."; also, Michael made certain admissions immediately thereafter in open court in the presence of, and without objection by, his attorney, as to the details of his offense.

On his appeal Michael contends that the foregoing proceedings were tantamount to a plea of guilty; that he did not knowingly and intelligently waive his constitutional rights of confrontation and against self-incrimination; and that the rule of *Boykin* v. *Alabama,* 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709], requiring a recorded showing of waiver of such rights on a plea of guilty to a criminal charge, is applicable to his case.

There can be little doubt that Michael's admissions to the court were, in their practical effect, equivalent to a plea of guilty to a charge of felonious possession of a restricted dangerous drug. As a result he could be, and was, committed to a state institution, the California Youth Authority, where he may be confined until age 21 (see Welf. & Inst. Code, § 1769), and, under some conditions, even longer (see Welf. & Inst. Code, § 1800).

It is now well established law that juvenile court proceedings, where a minor may be adjudged a delinquent and subjected to detention as here imposed, " 'must measure up to the essentials of due process . . .' " (*In re Gault,* 387 U.S. 1, 30 [18 L.Ed.2d 527, 547-548, 87 S.Ct. 1428]; *Kent* v. *United States,* 383 U.S. 541, 562 [16 L.Ed.2d 84, 97-98, 86 S.Ct. 1045].) Among these "essential" constitutional rights are those of *confrontation* and against *self-incrimination.* (*In re Winship,* 397 U.S. 358, 368 [25 L.Ed.2d 368, 377-378, 90 S.Ct. 1068]; *In re Gault, supra,* pp. 42-57 [18 L.Ed.2d 554-563].)

It is noted that California's Welfare and Institutions Code section 702.5, enacted 1967, provides that in a hearing taken to determine whether a

minor comes within the provisions of section 602 of that code, "the minor has a privilege against self-incrimination and has a right to confrontation by, and cross-examination of, witnesses."

■ *Boykin* v. *Alabama, supra,* 395 U.S. 238, 243 [23 L.Ed.2d 274, 279-280], holds that before a plea of guilty may be accepted in a criminal case the defendant, among other things, must affirmatively waive: (1) his "privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth" and (2) the "right to confront one's accusers." Such a waiver must be "spread upon the record" by the prosecution; it will not be presumed from a silent record (pp. 242, 243 [23 L.Ed.2d at pp. 279-280]). A clear implication of *Boykin* is that no inference of waiver may be drawn from the presence of, or statements by defendant's counsel; it must appear to have been understandingly made by defendant himself. And the question whether there has been an effective waiver of the pertinent constitutional rights "is of course governed by federal standards." (P. 243 [23 L.Ed.2d at p. 279].)

The strictures of *Boykin* reasonably, and under the compulsion of *Kent* v. *United States, supra, In re Gault, supra,* and *In re Winship, supra,* are equally applicable to juvenile court proceedings where the minor is liable to a substantial term of institutional detention.

*Boykin* is to "be given prospective application only, i.e., to those cases in which pleas were entered subsequent to the effective date of that decision." (*In re Tahl,* 1 Cal.3d 122, 135 [81 Cal.Rptr. 577, 460 P.2d 449].) The instant juvenile court proceedings took place on July 31, 1969, almost two months after the announcement of *Boykin* on June 2, 1969; its rule therefore is clearly applicable.

■ From the foregoing discussion it becomes clear that the rule of *Boykin* must be applied to the case at bench. Michael, in what was equivalent to a plea of guilty resulting in his commitment to a state institution, did not affirmatively waive his constitutional rights to confrontation and against self-incrimination.

No merit is seen in Michael's contention that even under proper constitutional procedures his commitment to the California Youth Authority under the facts of his case would be an abuse of the juvenile court's authority.

There is no reason to believe that other complained of errors will recur in such future proceedings as may be held; we therefore do not consider them.

The commitment to the California Youth Authority is reversed; the juvenile court will take such further proceedings as are not inconsistent with the views here expressed.

Molinari, P. J., and Sims, J., concurred.