[Civ. No. 4489. Fifth Dist. Sept. 24, 1979.]

In re RAY O., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
RAY O., Defendant and Appellant.

**COUNSEL**

Thomas F. Schroeter, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Joel Carey and Shirley A. Nelson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HOPPER, J.**—Ray O., a juvenile, was charged by supplemental petition in juvenile court with three counts of burglary. At the jurisdictional hearing on October 25, 1978, Ray O. admitted two of the three counts and the third count was dismissed on motion of the district attorney pursuant to a plea bargain. On November 8, 1978, a dispositional hearing was held before Judge John M. Nairn. Judge Nairn did not preside over the jurisdictional hearing held on October 25, 1978. The oral proceedings at this dispositional hearing were not preserved because there was no court reporter present. The juvenile court read and considered the probation report, declared Ray O. a ward of the court, and committed him to the California Youth Authority (hereinafter CYA) for a period not to exceed four years.

Ray O. appeals contending that the juvenile court abused its discretion in sending him to CYA and that he was entitled to have the same judge at his jurisdictional and dispositional hearings.

■ As the Attorney General suggests, this matter should be reversed because there is no reporter's transcript of the dispositional hearing. The Attorney General agrees that the most practical solution is to hold a new dispositional hearing. Under Welfare and Institutions Code section 677 a juvenile is entitled to a complete reporter's transcript. Failure to provide a reporter's transcript is error (*In re Steven B.* (1979) 25 Cal.3d 1, 6 [157 Cal.Rptr. 510, 598 P.2d 480]; *In re Andrew M.* (1977) 74 Cal.App.3d 295, 297 [141 Cal.Rptr. 350]; *In re David T.* (1976) 55 Cal.App.3d 798, 802 [127 Cal.Rptr. 729]). Without a transcript the record is simply inadequate to enable an appellate court to pass upon the issue of proper disposition (see *People* v. *Apalatequi* (1978) 82 Cal.App.3d 970, 973 [147 Cal.Rptr. 473]). We are unable to determine whether or not the juvenile court abused its discretion in sending Ray O. to CYA. Nor may Ray O. be required to rely on an alleged fair substitute (see *In re Steven B., supra; In re David T., supra,* 55 Cal.App.3d 798, 801-802). Ray O. is clearly entitled to a new dispositional hearing under the rationale of *In re Steven B.*

■ The issue of whether a juvenile is entitled to have the same judge preside at both the jurisdictional and dispositional hearings when there is a plea bargain does not appear to have been decided in California. Where an adult is the defendant, the Supreme Court, in *People* v. *Arbuckle* (1978) 22 Cal.3d 749 [150 Cal.Rptr. 778, 587 P.2d 220] held that an implicit term of a plea bargain is that the trial judge who takes the plea

will be the sentencing judge. The court stated at pages 756-757: "As a general principle, moreover, whenever a judge accepts a plea bargain and retains sentencing discretion under the agreement, an implied term of the bargain is that sentence will be imposed by that judge. Because of the range of dispositions available to a sentencing judge, the propensity in sentencing demonstrated by a particular judge is an inherently significant factor in the defendant's decision to enter a guilty plea."

The Attorney General attempts to distinguish *Arbuckle* on the basis that Ray O. has not shown any reliance on having the same judge at both hearings. The Attorney General points out that in the record here, unlike *Arbuckle* (where there was a reference to the first person pronoun "I"), the judge who took the plea in this case referred to "the judge" in the third person.[1] We do not consider that significant and are not persuaded that grammar should or does expressly preclude any reliance by Ray O. that the same judge would be presiding at the dispositional hearing. Furthermore, there is some indication in the record of the jurisdictional hearing that Ray O. expected the same judge would handle the disposition. At that hearing Ray O.'s counsel stated that Ray O. "would be willing to waive a further dispositional hearing and be willing to accept a Camp Owen commitment if the court would feel so disposed of this matter in order to save him confinement time in Juvenile Hall." The record of the jurisdictional hearing also indicates that the dispositional hearing was ordered to be held "in the same Department." Under the circumstances, Ray O. could reasonably believe that the judge occupying the department at the time of the plea would also be the judge occupying the department at the time of the disposition (see *People* v. *Newton* (1974) 42 Cal.App.3d 292, 297-298 [116 Cal.Rptr. 690]). In the usual case the transcript would assist the court in determining whether failure to move for a transfer to the same judge for sentencing constituted a waiver (see *People* v. *Uribe* (1976) 55 Cal.App.3d 600 [127 Cal.Rptr. 822]). Because there is no reporter's transcript in this case we are unable, and decline, to find any waiver here.

We see no reason for differentiating between adults and juveniles in these circumstances. We hold that the *Arbuckle* rationale applies to juveniles. In the absence of clear waiver,[2] whenever a juvenile enters a

---

[1] At the time of taking the plea the judge asked Ray O. the following question: "Did they make any promise they were going to do this or that and the other thing or make sure *the judge* would do this or that or the other thing?" (Italics added.)

[2] Counsel for a juvenile, who enters a plea bargain before a judge, and finds another judge presiding at the dispositional hearing, is well advised to seek transfer of the matter

plea bargain before a judge he has the right to be sentenced by that same judge. Ray O. is entitled to be sentenced by the same judge before whom he entered his plea or (in accordance with the procedure set forth in *Arbuckle* at p. 757) if internal court administrative procedures render that impossible, then in the alternative Ray O. should be permitted to withdraw his admission of burglary. Should the admission be withdrawn, the prosecution shall have the right to reinstate the dismissed count.

The judgment is reversed and the case is remanded for further proceedings in accordance with the views expressed herein.

Franson, Acting P. J., and Zenovich, J., concurred.

A petition for a rehearing was denied October 23, 1979, and respondent's petition for a hearing by the Supreme Court was denied November 21, 1979. Clark, J., and Richardson, J., were of the opinion that the petition should be granted.

---

to the original judge. Otherwise, the juvenile may be precluded from raising the issue on appeal.