[Civ. No. 19293. Third Dist. Mar. 31, 1981.]

In re REGINA N., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
REGINA N., Defendant and Appellant.

578

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Kathleen Kahn, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Joel Carey and J. Robert Jibson, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BLEASE, J.**—Regina N., a minor, seeks reversal of a jurisdictional order of the Juvenile Court of Shasta County which is founded upon an

admission to the offense of receiving stolen property which she claims was obtained in violation of rights emanating from *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709], and *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449], as codified and extended in California Rules of Court, rule 1354. We agree and reverse the order, finding the error to be prejudicial.

## FACTS

Early in the morning of November 2, 1979, McArthur's Mercantile store in Shasta County was burglarized and three cases of beer were taken. An hour and a half later, Regina N., aged 13, and four other persons were found sleeping in a car mired in a muddy field. The car was littered with beer cans.

On November 5, 1979, a petition was filed charging Regina with burglary (Pen. Code, § 459) of the store. At the jurisdictional hearing on November 26, 1979, the petition was orally amended by the addition of the lesser charge of receiving stolen property (Pen. Code, § 496), as a misdemeanor.

Regina's admission of the offense was obtained as follows.

Regina's attorney informed the court that Regina was willing to admit to a lesser charge. The petition was orally amended to add the stolen property charge and Regina's attorney then stated: "I have spoken with Regina and her mother in the back room about what that charge is. She does understand there will not be a trial, that she will be giving up any rights to trial, and I believe she does understand her rights."

The court directed that a "Voluntary Admission" form be completed and Regina signed the following document bearing that heading: "The Probation Officer of Shasta County, through a Deputy Probation Officer, has informed me that a Petition shall be filed in my behalf for Hearing in the Juvenile Court. [¶] The Probation Officer has explained the contents of the Petition to me, and I affirm that my misconduct is voluntarily admitted by me and I authorize the Juvenile Court to proceed to a disposition of the case on that basis. [¶] I further understand that by signing this Voluntary Admission I am giving up my right to a Contested Hearing; to hear witnesses testify against me; to cross-exam-

ine witnesses; and I am also giving up my right against self-incrimination."

The court held the following colloquy with Regina.

"THE COURT: Regina, is this your signature on this Voluntary Admission?

"THE MINOR: Yes.

"THE COURT: Did you sign this?

"THE MINOR: (Nods head affirmatively.)

"THE COURT: Speak, please.

"THE MINOR: Yes.

"THE COURT: Do you understand it?

"THE MINOR: Yes.

"THE COURT: Voluntary Admission may be filed. [¶] The Petition is sustained to Count II as orally amended, to wit, the charge of receiving stolen property on the occasion in question."

At the dispositional hearing on December 17, 1979, the minor and her mother sought to withdraw the admission. The minor denied that she had participated in a burglary, although she was present at the scene in the car. She denied she had drunk beer which was stolen, the basis of a charge of receiving of stolen property. Rather, she claimed to have drunk beer from a case of beer that had been purchased prior to the burglary. The court found that there was a factual basis for the admission and denied the request and ordered her committed to the custody of the probation officer for group home placement. This appeal followed.

## DISCUSSION

The *Boykin-Tahl* rules, as applicable to juveniles (*In re Ronald E.* (1977) 19 Cal.3d 325 [137 Cal.Rptr. 781, 562 P.2d 684]), have been

codified and extended in the juvenile court rules[1]; specifically in California Rules of Court, rule 1354 (a), (c), (d) and (e).[2]

---

[1]The juvenile court rules adopted by the Judicial Council of the State of California, effective July 1, 1977, were the product of a two-year study by the Advisory Committee Juvenile Court Rules Project. (The comments of the Advisory Committee, 1977 Ann. Rep. of the Judicial Council.) The Advisory Committee comment to rule 1354 (a), (c), (d), and (e), provides: "Subdivision (a), relating to the trial rights to be explained to the minor, is based on sections 664, 679 and 702.5.

" . . . . . . . . . . . . . . .

"Subdivision (c), relating to the prerequisites to acceptance of an admission of the allegations, reflects the *Boykin-Tahl* principle, as applied to juvenile courts by *In re Michael M.* (1970) 11 Cal.App.3d 741, as well as procedures suggested in the Deskbook, sections 8.11, 8.20 and 8.44. Under subdivision (4), a factual basis for an admission is required.

"Subdivision (d), requiring the minor to personally enter his admission, is based on *In re Francis W.* (1974) 42 Cal.App.3d 892, 903 and *In re M.G.S.* (1968) 267 Cal.App.2d 329, 339.

"Subdivision (e), relating to the findings to be made when an admission to the allegations is accepted, is based on section 702 and procedures suggested in the Deskbook, sections 8.20 and 8.44."

[2]California Rules of Court, rule 1354(a), (c), (d) and (e), provides:

"(a) After giving the advice required by rule 1353, the court shall next inform those present of each of the following rights of the minor:

"(1) The right to a trial by the court on the issues raised by the petition;

"(2) The right to remain silent, and that anything the minor says may be used against the minor in the juvenile court proceedings;

"(3) The right to confront, and to cross-examine, any witness that may be called to testify against the minor;

"(4) The right to use the process of the court to compel the attendance of witnesses on the minor's behalf.

" . . . . . . . . . . . . . . .

"(c) The court shall then inquire whether the minor intends to admit or deny the truth of the allegations of the petition. If the minor neither admits nor denies the truth of the allegations, the court shall indicate for the record that the minor does not admit the truth of the allegations. Before accepting an admission by the minor that the allegations of the petition are true:

"(1) The court shall first satisfy itself, and the minutes shall reflect, that the minor understands each of the trial rights enumerated in subdivision (a), the nature of the allegations and the direct consequences of a finding that the allegations are true, and that by admitting the truth of the allegations in the petition, the minor will be waiving those rights.

"(2) If the minor is not represented by counsel, the court shall then inquire of the parents, guardian, or adult relative whether they understand each of the minor's rights and, whether they consent to the minor waiving those rights and admitting the truth of the allegations of the petition.

"(3) If the minor is represented by counsel, no admission shall be accepted unless counsel consents to the minor's admission of the truth of the allegations of the petition.

"(4) The court shall then satisfy itself that the minor is admitting the truth of the allegations of the petition because the minor did in fact commit the acts alleged, and that the admission by the minor is voluntarily made.

"(d) An admission by the minor shall be made personally by the minor.

"(e) If the court is satisfied that the admission should be received, the court shall

The rule sets forth a detailed procedure by which an admission is to be obtained. Of importance here, the rule requires that the court advise the minor and satisfy itself that the minor "understands each of the [enumerated] trial rights," the nature of the conduct alleged and the possible consequences of an admission, and make specific findings on each point. We examine below the manifest failure of the juvenile court to comply with rule 1354 and the prejudice attaching thereto.

### A.

The history and content of rule 1354 preclude compliance by use of a prepared form.

Subdivision (d) requires that "[a]n admission by the minor shall be made personally by the minor." The Advisory Committee comment (*ante*, fn. 1) states that the process "is based on *In re Francis W.* (1974) [42 Cal.App.3d 892, 903 (117 Cal.Rptr. 277)] and *In re M.G.S.* (1968) [267 Cal.App.2d 329, 339 (72 Cal.Rptr. 808)]." In *Francis W.*, the minor's *counsel* admitted the truth of the charge. The court said: "Since the admission of the truth of a penal charge by a minor in a juvenile court proceeding is tantamount to a plea of guilty, the minor must personally make the admission . . . ." (P. 903; see also *In re M.G.S., supra*, at p. 339.)

Subdivision (a) also requires that the court inform "those present" of the minor's specific rights and subdivision (c) requires that the court "inquire" whether the minor intends to admit the allegations of the petition and, if so, "[t]he court [must] first satisfy itself, . . . that the minor

---

then ask whether the minor admits or denies the truth of the allegations in the petition. Upon admission, the court shall make findings as to each of the following, noted in the minutes of the court:

"(1) That notice has been given as required by law;

"(2) The birthdate and county of residence of the minor;

"(3) That the minor has knowingly and intelligently waived the right to a trial on the issues by the court, the right to remain silent, and the right to confront and to cross-examine adverse witnesses and to use the process of the court to compel the attendance of witnesses on the minor's behalf;

"(4) That the minor understands the nature of the conduct alleged in the petition and the possible consequences of an admission;

"(5) That the admission by the minor is freely and voluntarily made;

"(6) That there is a factual basis for the minor's admission;

"(7) That the allegations of the petition as admitted are true as alleged; and

"(8) That the minor is a person described by section 601 or 602 of the Welfare and Institutions Code."

understands *each* of the trial rights enumerated in subdivision (a)" (italics added; subd. (c)(1)) and understands that he is waiving the rights and the consequences thereof. The court must also satisfy itself "that the minor is admitting the allegations of the petition because the minor did in fact commit the acts alleged, ..." (Subd. (c)(4).) (See also Cal. Juvenile Court Deskbook (Cont.Ed. Bar. 1975) §§ 8.11, 8.20.) Only upon satisfying these requirements (and others) may the court then ask whether the minor admits the allegations.

■ ■■■ Plainly, these requirements cannot be met by signing a prepared form.[3]

## B.

■ It is a principal purpose of the juvenile court rules that the court ascertain and assure itself that the minor understands the nature of the charges. It is not sufficient if the minor's parents or counsel understand the charges or if they represent that the minor understands the charges.

Subdivision (c)(1) requires that the court "satisfy itself ... that the minor understands ... the nature of the allegations [against her] and the direct consequences of a finding that the allegations are true."

Subdivision (c)(4) requires that the court "satisfy itself that the minor is admitting the truth of the allegations of the petition because the minor did in fact commit the acts alleged, ..." Even "[a]ssuming ...constitutional rights are waived, and the minor admits that the facts set forth in the petition are true, the court will still want to assure itself that the minor is admitting the petition because he did in fact do the acts alleged, and that the admission is voluntarily made...." (Cal. Juvenile Court Deskbook (Cont.Ed.Bar 1975) § 8.11.)

---

[3]Rule 1354 does not distinguish between felonies and misdemeanors, but applies to all section 602 proceedings. (Rule 1301(a).) Accordingly, the People have misplaced their reliance upon *Mills* v. *Municipal Court* (1973) 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273], which constitutionally sanctions the in absentia entry of a plea of guilty to a misdemeanor by an adult through his counsel "accompanied by an adequately documented showing that the defendant was aware of his constitutional rights and knowingly and intelligently waived them ...." (*Id.*, at p. 305.)

Similarly, we reject the People's argument that *Mills* supervenes the requirements of rule 1354. The rule is binding on juvenile courts in the absence of a statute to the contrary and there is none.

Subdivision (e) requires that the court make specific findings on the above and other matters covered by rule 1354.

The juvenile court did not do any of these things. Nor did it comply with all of the admonitions required by the rule.[4]

### C.

"[T]he admonishments with respect to the privilege against self-incrimination and the rights to a jury trial and to confront witnesses [are] constitutionally compelled, as distinguished from the admonishments with respect to the other rights mentioned in *Tahl* [which result from] a judicially declared rule of criminal procedure." (*In re Ronald E.* (1977) 19 Cal.3d 315, 320-321 [137 Cal.Rptr. 781, 562 P.2d 684], relying on *In re Yurko* (1974) 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 516].)

 Where the rights are not of constitutional dimension, prejudice is to be tested by application of the harmless error rule of *People* v. *Watson* (1956) 46 Cal.2d 818 [299 P.2d 243].

The part of rule 1354 relating to the ascertainment of the factual basis for an admission is not constitutionally required and the minor is required to establish prejudice. (*In re Michael B.* (1980) 28 Cal.3d 548, 555-556 [169 Cal.Rptr. 723, 620 P.2d 173].)

 On this record we find prejudice.

The form signed by Regina did not set forth the allegations to be admitted. It referred cryptically to "the contents of the Petition," and

---

[4]Rule 1354(a) and (e)(1) require that the court advise the minor and satisfy itself and place on the record that the minor understands each of the trial rights enumerated in subdivision (a), to wit: "(1) The right to a trial by the court on the issues raised by the petition; [¶] (2) The right to remain silent, and that anything the minor says may be used against the minor in the juvenile court proceedings; [¶] (3) The right to confront, and to cross-examine, any witness that may be called to testify against the minor; [¶] (4) The right to use the process of the court to compel the attendance of witnesses on the minor's behalf."

The court, by use of the "Voluntary Admission" form, could not and did not satisfy this rule. Moreover, it did not advise the minor generally as to *each* of the rights and did not advise the minor of the rights in subdivision (a)(4) (right to process). Moreover, the form used the technical words "right against self-incrimination" to subdivision (a)(2)'s more comprehensible "right to remain silent, and that anything the minor says may be used against [her] ...."

required only that "I affirm that my misconduct is voluntarily admitted by me . . . ." Regina's counsel stated that Regina was willing to admit to the offense of receiving stolen property and that he had "spoken with Regina and her mother . . . about what the charge [was]." There is nothing in the record to reflect that the minor understood the factual basis of the charge and her counsel made no such representation. The court made no finding that Regina understood the charge.

At the dispositional hearing, the minor claimed that she had not imbibed stolen beer, an assertion which, if true, would have absolved her of the offense claimed to be admitted.

Had the juvenile court rules been adhered to by the court, it is likely that it would have ascertained the minor's misapprehension of the basis for the charge of possession of stolen property. The determination of the court at the dispositional hearing that there was a factual basis for the admission cannot substitute for a determination of the minor's understanding of the charges at the time that the admission is obtained. (See *In re Francis W., supra,* 42 Cal.App.3d 892.)

The burden is on the minor to show prejudice flowing from a violation of the rule. (*In re Ronald E., supra; In re Michael B., supra.*) That burden is carried where, as here, the rule violated is designed to assure that the minor understands the charges and the minor, by an appropriate procedure, puts in issue her misunderstanding of the factual basis of the charges.

The jurisdictional order is reversed.

Reynoso, Acting P. J., and Carr, J., concurred.