[Civ. No. 33302. Fourth Dist., Div. Two. Mar. 19, 1985.]

In re JAMES H., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JAMES H., Defendant and Appellant.

## COUNSEL

Gary D. Baughman, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Michael D. Wellington and Pat Zaharopoulos, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MORRIS, P. J.**—James H., a 16-year-old minor, admitted as true the allegations in a petition which charged him with burglary. (Pen. Code, § 459.) Minor was committed to the California Youth Authority for a maximum of six years.

On appeal minor contends that the trial court erred in accepting his admission to the burglary charge without obtaining a knowing and intelligent waiver of his constitutional rights, and in not securing his personal waiver of his right to have the dispositional hearing before the same judge to whom he admitted the offense. Minor also contends that it was error to commit him to the California Youth Authority. We find no error.

### FACTS

Minor burglarized a residence in Palmdale, California. Shortly thereafter he was taken into custody by the Los Angeles County Sheriff.

A petition filed in the Los Angeles Superior Court pursuant to section 602 of the Welfare and Institutions Code charged minor with one count of burglary, a felony. (Pen. Code, § 459.) Minor admitted the allegations of the petition in the juvenile proceeding before the Los Angeles court.

Being a resident of San Bernardino, minor was transferred to San Bernardino County for the dispositional hearing. The San Bernardino Superior Court committed minor to the California Youth Authority for a maximum of six years.

This appeal followed.

### DISCUSSION

#### I.

Minor contends that his admission of the charge of burglary was unlawful because the juvenile court failed to obtain a knowing and intelligent waiver of his constitutional rights. We disagree.

Minor cites two leading cases in support of his contention. In *Boykin* v. *Alabama* (1969) 395 U.S. 238, 243 [23 L.Ed.2d 274, 279-280, 89 S.Ct. 1709], the United States Supreme Court held that it could not be assumed from a silent record that the constitutional rights necessarily forfeited by a guilty plea to a felony charge had been freely and intelligently waived. In *In re Tahl* (1969) 1 Cal.3d 122, 131-132 [81 Cal.Rptr. 577, 460 P.2d 449], the California Supreme Court interpreted *Boykin* to mean that a free and intelligent waiver by the accused of the constitutional rights enumerated in *Boykin* could not be inferred. The *Boykin-Tahl* holdings have been held extended to juvenile proceedings. (*In re Regina N.* (1981) 117 Cal.App.3d 577, 583-584 [172 Cal.Rptr. 810]; *In re Michael M.* (1970) 11 Cal.App.3d 741, 743-744 [96 Cal.Rptr. 887]; Cal. Rules of Court, rule 1354.)

Thus, minor contends specifically that the trial court erred in not adequately explaining minor's "right to remain silent," and in not obtaining a separate personal waiver of the right to remain silent and to confront his accusers. No authority offered by minor, however, specifically addresses these contentions.

■ We hold that the trial court record in the instant case sufficiently demonstrates a free and intelligent waiver by minor of his right to remain silent and to confront his accusers. The Constitution ". . . does not require the recitation of a formula by rote or the spelling out of every detail by the trial court. It does mean that the record must contain *on its face* direct evidence that the accused was aware, or made aware, of his right to confrontation, to a jury trial, and against self-incrimination, . . ."[1] (*In re Tahl, supra,* 1 Cal.3d at p. 132.)

■ Here the trial judge told minor that he had a "right to remain silent." This was an adequate substitution for and explanation of the "right against self-incrimination." The theory of defendant's counsel, that because there was no explanation of the "right to remain silent" the minor could have believed that he had a right not to question witnesses at trial because that is what the attorney is for, is unpersuasive. The "right to remain silent" has resounded through the consciousness of virtually all Americans since *Miranda* v. *State of Arizona* (1966) 384 U.S. 436, 444 [16 L.Ed.2d 694, 706, 86 S.Ct. 1602, 10 A.L.R.3d 974]; the "right not to question witnesses at trial" is newly created by defense counsel for purposes of this appeal. In addition, this minor, with his significant juvenile record, had extensive personal exposure to law enforcement personnel and judicial proceedings. (Cf. *Winton* v. *Municipal Court* (1975) 48 Cal.App.3d 228, 242 [121 Cal.Rptr.

---

[1]In juvenile proceedings no right to jury trial exists. (*In re Gary W.* (1971) 5 Cal.3d 296, 305 [96 Cal.Rptr. 1, 486 P.2d 1201].)

561].) Finally, immediately after being informed of his right to remain silent, minor, represented by counsel, expressly told the court that he understood his rights. This same colloquy has been upheld. (*People* v. *Salazar* (1979) 96 Cal.App.3d Supp. 8, 11, fn. 1 [157 Cal.Rptr. 834].)

We also hold that the trial court did not err in obtaining a single personal waiver by minor of the right to remain silent and to confront his accusers, for many of the same reasons articulated above. Although there is a legitimate constitutional interest in having a record that demonstrates the minor made an intelligent and knowing waiver of his rights, that interest does not justify burdening the trial court with unnecessary procedural details. (See *In re Tahl, supra,* 1 Cal.3d at p. 132.) In the instant case the two constitutional rights at issue were clearly delineated on the record by the trial court, the waiver was found to be knowing and intelligent by the court, and minor was a sophisticated juvenile offender represented by counsel. Prior case law supports our determination that it was unnecessary for the trial court to obtain a separate personal waiver for each of the two constitutional rights minor relinquished upon admitting the offense charged. (See *People* v. *Salazar, supra,* 96 Cal.App.3d Supp. at pp. 11-12, fn. 1.)

## II.

### Arbuckle Right

██ Minor contends that the trial court erred in not securing his personal waiver of his *Arbuckle* right to have his dispositional hearing before the same judge who accepted his admission to the burglary charge. We find no error.

██ *People* v. *Arbuckle* (1978) 22 Cal.3d 749, 756-757 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171], states that: "As a general principle, moreover, whenever a judge accepts a plea bargain and retains sentencing discretion under the agreement, an implied term of the bargain is that sentence will be imposed by that judge. Because of the range of dispositions available to a sentencing judge, the propensity in sentencing demonstrated by a particular judge is an inherently significant factor in the defendant's decision to enter a guilty plea. [Citations.]" *Arbuckle* has been extended to juvenile proceedings. (*In re Mark L.* (1983) 34 Cal.3d 171, 177 [193 Cal.Rptr. 165, 666 P.2d 22]; *In re Ray O.* (1979) 97 Cal.App.3d 136, 139 [158 Cal.Rptr. 550].) Under *Arbuckle* and its progeny, if error is found, minor is entitled to a new dispositional hearing before the judge who accepted his admission or plea, or if that is administratively impossible, then minor should be permitted to withdraw his admission or plea. (*Arbuckle,*

*supra,* 22 Cal.3d at p. 757; *In re Mark L., supra,* 34 Cal.3d at p. 180, fn. 7.)

### Failure to Contemporaneously Object

At the threshold level, minor failed to preserve his *Arbuckle* right for appeal by failing to object before the trial court. Generally, it is a well-established rule that failure to object in the trial court precludes one from raising the point for the first time on appeal. (See *People* v. *Hillery* (1974) 10 Cal.3d 897, 899-900 [112 Cal.Rptr. 524, 519 P.2d 572]; Pen. Code, § 1259.) This contemporaneous objection rule is not new to the juvenile court arena; for example, in an analogous situation, "[u]nless the minor objects, a judge or referee who has conducted a fitness hearing may participate in any subsequent contested jurisdiction hearing relating to the same offense" (Cal. Rules of Court, rule 1348(j); see *Breed* v. *Jones* (1975) 421 U.S. 519, 539, fn. 21 [44 L.Ed.2d 346, 361, 95 S.Ct. 1779]), and the issue is waived for appeal (*In re James D.* (1981) 116 Cal.App.3d 810, 816-819 [172 Cal.Rptr. 321]). Indeed, ". . . even constitutional rights, including those of a minor in the area of juvenile court procedure, will ordinarily be waived by silence, i.e., by their nonassertion." (*Id.,* at p. 817; see *Donald L.* v. *Superior Court* (1972) 7 Cal.3d 592, 600 [102 Cal.Rptr. 850, 498 P.2d 1098] [right to counsel], disapproved on other grounds in *In re Winnetka V.* (1980) 28 Cal.3d 587, 596 [169 Cal.Rptr. 713, 620 P.2d 163].)

The requirement of a contemporaneous objection has been applied to the *Arbuckle* right. To argue *Arbuckle* on appeal when improperly assigned to another judge for disposition, a minor must have moved for reassignment to the judge to whom his admission was given, or have objected to the new judge. (*People* v. *West* (1980) 107 Cal.App.3d at p. 992 [165 Cal.Rptr. 24]; see *People* v. *De Jesus* (1980) 110 Cal.App.3d 413, 419 [168 Cal.Rptr. 8]; *In re Ray O., supra,* 97 Cal.App.3d at pp. 139-140, fn. 2.) "[H]e does not have the option of taking his chances before the different judge and, if the result is unfavorable, then demand the original judge." (*People* v. *West, supra,* 107 Cal.App.3d at p. 992.)

There is an exception to the waiver of *Arbuckle* on appeal for the failure to make a contemporaneous objection. *People* v. *Roscia* (1984) 157 Cal.App.3d 832, 840 [203 Cal.Rptr. 856], holds that: "Nevertheless, fairness dictates that before accepting silence or acquiescence in sentencing by a different judge as a waiver, the court must satisfy itself from the record that defendant knew he had the right to be sentenced by the same judge who took his plea. The court cannot reasonably assume or speculate that the defendant had the requisite knowledge of his *Arbuckle* rights even if represented by an attorney. [Citation.] [¶] The preferable way to assure that

the record reflects defendant's knowledge of his *Arbuckle* rights is for the judge who takes the plea to advise defendant of those rights at the time he takes the plea."

 Here the method of assuring minor's knowledge of his *Arbuckle* right discussed in *People* v. *Rosaia* was employed; therefore, minor's failure to object constitutes a waiver of that right for purposes of this appeal. The Los Angeles Superior Court, after accepting minor's admission and indicating that it wished to transfer minor to the San Bernardino Superior Court because minor resided in San Bernardino County (see Cal. Rules of Court, rule 1306), asked if "[t]he minor waives Arbuckle?" of the attorney appointed on behalf of minor. The attorney said yes, without objecting. Furthermore, on transfer to the San Bernardino Superior Court, although minor had two new attorneys and initiated a transfer from one San Bernardino judge to another, he never, pursuant to *Arbuckle* or otherwise, requested reassignment to the Los Angeles judge who accepted his admission.

### Lack of Reasonable Expectation

Even if the contemporaneous objection requirement did not exist, minor fails to show a basis for relief because the record demonstrates that minor could not have had a reasonable expectation that his dispositional hearing would be before the Los Angeles County judge who took his admission.

*Arbuckle* did not hold that it is always an implied term of a plea bargain that the judge who accepts the admission or plea will impose the sentence; instead, *Arbuckle* stated that such was "a general principle." (*People* v. *Arbuckle, supra,* 22 Cal.3d at p. 756; see *In re Mark L., supra,* 34 Cal.3d at p. 180.) The *Arbuckle* court also noted that the trial judge had repeatedly used the personal pronoun when referring to sentencing in the proceeding in which the plea bargain was accepted. (*People* v. *Arbuckle, supra.*) While this factor was initially discounted by a number of appellate courts (*People* v. *Pedregon* (1981) 115 Cal.App.3d 723, 725 [171 Cal.Rptr. 468]; *People* v. *De Jesus, supra,* 110 Cal.App.3d at p. 419; *In re Ray O., supra,* 97 Cal.App.3d at p. 139), the Supreme Court later reaffirmed its importance and discussed other similar factors. *In re Mark L., supra,* 34 Cal.3d at page 177, emphasized that, ". . . as in *Arbuckle,* the record indicate[d] an actual assumption by the court and parties that the officer taking the plea would have final and exclusive dispositional authority. [The trial judge] made repeated references to the dispositions 'the Court' could or might impose 'though I'm not saying' what the court 'is going to' do. In context, [the trial judge's] interchangeable use of the personal pronoun with the phrase 'the Court' implied that he and 'the Court' were one and the same." *In re Mark L.* then noted that the trial judge announced the minor's right to have the

same judicial officer who took the admission handle the disposition, and that despite the trial judge's usual assignment elsewhere, considerable effort was expended to insure that he would act at the dispositional phase. (*Ibid.*) Based on these factors *In re Mark L.* held that "[t]here seems ample basis to conclude 'that the plea bargain herein was entered in expectation of and reliance upon [disposition] being imposed by the same [judicial officer].'" (*Ibid.*, quoting *People* v. *Arbuckle, supra,* 22 Cal.3d at p. 756.)

Finally, since *In re Mark L.*, it has been held that the assumption that the propensity in sentencing demonstrated by a particular judge is a significant factor in a defendant's decision to enter a guilty plea does not always apply. In *People* v. *Miskiewicz* (1984) 158 Cal.App.3d 820, 824-825 [204 Cal.Rptr. 873], the court held that the *Arbuckle* right does not extend, absent unique or unusual circumstances, to a defendant who enters a felony plea before a municipal court magistrate pursuant to Penal Code section 859a. This is because Penal Code section 859a specifically provides that upon entry of the felony plea the magistrate shall *immediately* certify the case to superior court, and defendant was so advised. Moreover, the municipal court ordinarily will not have demonstrated a particular propensity in sentencing defendants for felony violations. (*Ibid.*) Accordingly, ". . . it could not have been a reasonable expectation on the part of defendant that the magistrate would be the same judge to impose sentence." (*Id.*, at p. 825; see *In re Mark L., supra,* 34 Cal.3d at p. 180.)

The record in the instant case does not contain the type of factors relied on in *Arbuckle* and *In re Mark L.* to support the assumption that the admission was entered in expectation of and reliance upon disposition being imposed by the same judge; rather, it is analogous to the record before *Miskiewicz.* In accepting minor's admission to the petition in the instant case, the Los Angeles Superior Court judge neither used the personal pronoun in referring to the dispositional hearing, nor expended any effort to insure that he would act at the dispositional phase. (See *In re Mark L., supra,* 34 Cal.3d at p. 177.) Moreover, minor was forewarned a number of times that the San Bernardino court, not the Los Angeles court, would handle disposition of minor's case. For instance, the attorney appointed for the arraignment was "to represent the minor for [that] hearing only." Minor's guardian told the court that yes, he was "willing to take this minor to San Bernardino County at the time they designate[d]." Minor's attorney waived *Arbuckle* and the time for disposition for the minor. Immediately thereafter the court stated: "Okay. In the matter the Court makes the finding that the minor's true residence is in San Bernardino County, and the matter is continued in all of its aspects for disposition and other proceedings to San Bernardino Juvenile Court." (Cf. *People* v. *Miskiewicz, supra,* 158 Cal.App.3d at pp. 824-825.)

*Waiver by Counsel Sufficient*

█ Minor does not discuss his failure to contemporaneously make an *Arbuckle* objection or his lack of a reasonable expectation that his judge for arraignment purposes would conduct the dispositional hearing. Instead, he makes the overriding contention, to which we next turn, that a personal waiver by minor of *Arbuckle* should be required as a matter of due process.

Minor does not offer authority, nor can we find any, that holds that an *Arbuckle* waiver must be personally made by the minor. Indeed, our sister courts have deliberately decided against establishing a rule for all juvenile cases which would require the *Arbuckle* admonishment to be given with the express waiver from the minor to be reflected on the record. (*In re Thomas S.* (1981) 124 Cal.App.3d 934, 940 [177 Cal.Rptr. 742]; see *People* v. *Rosaia, supra,* 157 Cal.App.3d 832, 840.) Such a rule would be an unnecessary procedural requirement, especially considering that the attorney, not the client, generally would be the one who knows the propensity in sentencing of particular judges.

Minor bases his argument in support of requiring a personal waiver of *Arbuckle* on an analogy to the requirement that the constitutional right of confrontation and against self-incrimination must be personally waived by the minor. (*In re Michael M., supra,* 11 Cal.App.3d at p. 744.) The *Arbuckle* right, however, is neither constitutional nor statutory, but "a hybrid, judicially promulgated contractual right." (*In re Thomas S., supra,* 124 Cal.App.3d at p. 939.) It is not as fundamental a right as the rights of confrontation and against self-incrimination. (See *In re Thomas S., supra,* 124 Cal.App.3d at p. 941; cf. *In re Regina N., supra,* 117 Cal.App.3d at p. 586.)

Though there is no requirement of personal waiver, a "clear waiver" must exist. (*In re Ray O., supra,* 97 Cal.App.3d at pp. 139-140.) *In re Thomas S., supra,* 124 Cal.App.3d at page 941, summarizes the clear waiver standard as applicable to this case: "We are in no position to speculate on what percentage of records will clearly reflect an *Arbuckle* waiver in the absence of an admonishment. At least where an admonishment is given and the minor permits a disposition before another judge, a reasonable inference can be drawn that the choice was intelligently and voluntarily made." Here such an admonishment was given and the minor permitted a disposition before another judge.

*No Prejudice*

█ Finally, assuming arguendo that minor has a basis for raising *Arbuckle* on appeal, considering defendant's criminal record and demonstrated

inability to rehabilitate himself in an open setting, there is no reasonable likelihood that he would have avoided the Youth Authority disposition he received if he had appeared before a different judge. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]; see *People* v. *Tirado* (1984) 151 Cal.App.3d 341, 355, fn. 5 [198 Cal.Rptr. 682].)

## III.

■ Minor contends that the trial court erred in committing minor to the California Youth Authority. We disagree.

More specifically, minor first contends the trial court failed to set forth its reasons for committing him to the Youth Authority, thereby precluding meaningful appellate review. To the contrary, the trial court expressly based its decision on minor's criminal record and lack of success in less restrictive placements, thereby providing more than an ample record for review.

■ In the alternative, minor contends the trial court's reasons for committing him to the Youth Authority were inadequate. The standard of review to be applied is as follows: " 'The decision of the juvenile court may be reversed on appeal only upon a showing that the court abused its discretion in committing the minor to CYA. An appellate court will not lightly substitute its decision for that of the juvenile court, as the former must indulge all reasonable inferences in support of the latter's decision and will not disturb it unless unsupported by substantial evidence. [Citations.]' " (*In re Abdul Y.* (1982) 130 Cal.App.3d 847, 868 [182 Cal.Rptr. 146], quoting *In re Eugene R.* (1980) 107 Cal.App.3d 605, 617 [166 Cal.Rptr. 219].)

The basic statutory guideline for commitment to the Youth Authority is provided by Welfare and Institutions Code section 734, which states that: "No ward of the juvenile court shall be committed to the Youth Authority unless the judge of the court is fully satisfied that the mental and physical condition and qualifications of the ward are such as to render it probable that he will be benefited by the reformatory educational discipline or other treatment provided by the Youth Authority." ■ Further, the overall statutory scheme, ". . . as now embodied in sections 730 et seq. of the Welfare and Institutions Code, contemplates a progressively restrictive and punitive series of disposition orders in cases such as that now before us— namely, home placement under supervision, foster home placement, placement in a local treatment facility and, as a last resort, Youth Authority placement." (*In re Aline D.* (1975) 14 Cal.3d 557, 564 [121 Cal.Rptr. 816, 536 P.2d 65].) Nevertheless, there is no absolute rule barring Youth Authority placement until less restrictive placements have been attempted. (*In re Ricky H.* (1981) 30 Cal.3d 176, 183 [178 Cal.Rptr. 324, 636 P.2d 13].)

In the instant case the record demonstrates that the trial court did not abuse its discretion in committing minor to the Youth Authority. The trial court expressly concluded that minor's mental and physical qualifications were such as to render it probable that he would be benefited by the education, discipline and other treatment provided by the Youth Authority. Minor had admitted burglarizing the residence in Palmdale. (Pen. Code, § 459.) According to the probation report, minor's prior offenses included the theft and unlawful driving or taking of a vehicle (Veh. Code, § 10851), escape from custodial placement (Welf. & Inst. Code, § 871), and violating a court order, each on two separate occasions. In addition, minor was guilty of another burglary charge and receiving stolen property. (Pen. Code, § 496.) Minor also had a long and unsuccessful record of placements. These included informal probation, Verdemont Boys' Ranch, Boys' Republic, Fairhope Foundation, and juvenile hall. At the juvenile rehabilitation centers minor was prone to escape, abuse drugs and alcohol, and had other behavior problems. Based on these factors, the trial court stated that it appeared minor needed a closed setting with substantial counseling and work towards modification of his behavior. The probation department recommended placement in the Youth Authority. The trial court properly exercised its discretion in committing defendant to the Youth Authority.

### DISPOSITION

The judgment is affirmed.

Kaufman, J., and Rickles, J., concurred.