Filed 7/11/25  P. v. Jackson CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DOUGLAS VARNELL JACKSON III,<br><br>    Defendant and Appellant. | F088322<br><br>(Super. Ct. No. F06906639)<br><br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Gary R. Orozco, Judge.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Amanda D. Cary, Lewis A. Martinez and Jesica Y. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Franson, Acting P. J., Meehan, J. and DeSantos, J.

Defendant and appellant Douglas Varnell Jackson III appeals after recall and resentencing to a stipulated sentence pursuant to Penal Code section 1172.75.[1] He claims that because the trial court failed to advise him of his right to a full resentencing hearing and failed to obtain a personal waiver of that right, he did not knowingly, intelligently and voluntarily waive a full resentencing hearing.

We find no reversible error and affirm the judgment.

## PROCEDURAL BACKGROUND

### I.     *Jackson I* and *Jackson II*[2]

As summarized in *Jackson I*, in 2006, defendant was arrested and charged in connection with a bank robbery he committed alone and a subsequent attempted bank robbery he committed with codefendant Jamal Justin Chambers that culminated in a police pursuit with multiple shots fired. In December 2008, the jury found defendant guilty on six counts and returned true findings on the attached firearm enhancement allegations as follows: robbery while armed with a firearm (§§ 211, 12022, subd. (a)(1); count 4), attempted robbery with personal use of a firearm (§§ 664/211, 12022.53, subd. (b); count 6), willful, deliberate and premeditated attempted murder of a peace officer with personal use of a firearm and personal and intentional discharge of a firearm (§§ 664/187, subd. (a), 12022.53, subds. (b), (c); count 8), assault with a firearm on a peace officer with personal use of a firearm (§§ 245, subd. (d)(1), 12022.5, subd. (a); count 12), evading a peace officer with personal use of a firearm (Veh. Code, § 2800.2, subd. (a), Pen. Code, § 12022.5, subd. (a); count 16), and possession of a firearm by a felon (former § 12021, subd. (a)(1); count 18).

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

[2]     We take judicial notice of our prior nonpublished opinions in *People v. Jackson* (Nov. 7, 2011, F057047) (*Jackson I*) and *People v. Jackson* (June 16, 2023, F085191) (*Jackson II*). (Evid. Code, §§ 452, subd. (d), 459.)

2.

In a bifurcated proceeding, defendant admitted to a prior strike conviction for purpose of Three Strikes sentencing and a prior felony conviction enhancement. (§§ 667, subds. (a)(1), (b)–(i), 1170.12, subds. (a)–(d).) He also admitted serving two prior prison terms. (§ 667.5, former subd. (b).) In January 2009, the trial court sentenced defendant to an indeterminate term of life with the possibility of parole consecutive to a determinate term of 48 years.

On direct appeal, defendant challenged his identification as the perpetrator of the bank robbery, and he argued two juror intimidation issues and one juror misconduct issue. This court remanded the matter for correction of an error in the abstract of judgment, but otherwise affirmed the judgment.

In 2022, defendant filed a petition for recall of his attempted murder conviction and resentencing under section 1172.6. In June 2023, in *Jackson II*, this court found no arguable issues, concluded defendant was ineligible for relief as a matter of law, and affirmed the trial court's denial of the petition. (*People v. Delgadillo* (2022) 14 Cal.5th 216; *People v. Wende* (1979) 25 Cal.3d 436.)

## II.     Resolution of Section 1172.75 Petition

In October 2023, citing *Kopp* and *Dueñas*, defendant filed a motion seeking to reduce his restitution fine imposed under section 1202.4 from $10,000 to $200. (*People v. Kopp* (2019) 38 Cal.App.5th 47 (*Kopp*), review granted Nov. 13, 2019, S257844; *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).) In December 2023, the trial court held a hearing and appointed counsel for defendant. It noted defendant had a stayed prior prison term enhancement and set the matter for March 2024 to allow counsel time to review the case.

In February 2024, citing former section 1171[3] and section 1172.5, subdivision (d)(2),[4] defendant filed a petition seeking relief from his firearm and prior serious felony conviction enhancements under Senate Bill No. 620 and Senate Bill No. 1393.[5]

At the March 2024 hearing, the trial court noted receipt of defendant's most recent petition. Defense counsel stated he understood defendant wanted a full resentencing and requested the matter be set for resentencing. The court continued the matter to May 2024 for resentencing.

In April 2024, defendant filed another motion seeking to reduce his restitution fine under section 1202.4 from $10,000 to $200. (*Kopp, supra*, 38 Cal.App.5th 47, review granted; *Dueñas, supra*, 30 Cal.App.5th 1157.)

On May 29, 2024, defendant made a remote appearance for the resentencing hearing. The trial court made a record, stating, "We were off the record and the Court explained that under [section] 1172.75[, subdivision ](e) the parties may waive a resentencing hearing, and then what that implies is they can come to an agreement as to what's going to happen .…" The court then stated, "Under [section ]1172.75[,

[3]    Effective January 1, 2022, Senate Bill No. 483 added former sections 1171 and 1171.1, which provided, subject to exceptions not relevant here, that any enhancements imposed prior to January 1, 2018, pursuant to section 11370.2 of the Health and Safety Code and imposed prior to January 1, 2020, pursuant to section 667.5, subdivision (b), were legally invalid. (Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483).) The bill also provided a timeline for identification of individuals serving a term that included a now invalid enhancement, review and resentencing. (*Ibid.*) Effective June 30, 2022, Assembly Bill No. 200 (2021–2022 Reg. Sess.) renumbered section 1171 to section 1172.7 and section 1171.1 to section 1172.75.

[4]    Presumably, defendant intended to cite section 1172.75, subdivision (d)(2).

[5]    Effective January 1, 2018, Senate Bill No. 620 (2017–2018 Reg. Sess.) (Senate Bill 620) amended sections 12022.5 and 12022.53 to provide that "[t]he court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section.…" (§§ 12022.5, subd. (c), 12022.53, subd. (h).) Effective January 1, 2019, Senate No. Bill 1393 (2017–2018 Reg. Sess.) amended sections 667, subdivision (a)(1), and 1385, subdivision (b), to grant trial courts discretion to strike prior serious felony conviction enhancements.

subdivision ](b), in this case I understand there's an agreement, and likewise the parties are agreeing with [defendant's] permission to forego the full sentencing hearing and the parties can stipulate to what that new sentence will be; is that correct?" The prosecutor and defense counsel stated yes. The prosecutor set forth the stipulated sentence, which, through an agreement to strike the firearm enhancements attached to counts 4, 6 and 16, reduced defendant's determinate term from 48 years to 34 years 4 months.[6] In addition, the court ordered any outstanding fines and fees suspended.

Defendant filed a timely notice of appeal.

On appeal, defendant claims that the trial court erred when it failed to advise him of the right to a full resentencing hearing and when it failed to obtain a personal waiver of that right. He seeks remand for resentencing given he did not knowingly, willingly and voluntarily waive a full resentencing hearing. The People dispute there was any error.

We affirm the judgment.

## DISCUSSION

### I.  Section 1172.75

In December 2008, after the jury returned its verdicts, defendant admitted to serving two prior prison terms pursuant to section 667.5 and, at sentencing, the trial court imposed and stayed the punishment. Effective January 1, 2020, the Legislature "amended [the statute] to limit the one-year prison prior enhancement to only prison terms served for convictions of sexually violent offenses, as defined in Welfare and Institutions Code section 6600, subdivision (b)." (*People v. Christianson* (2023) 97 Cal.App.5th 300, 309 (*Christianson*), review granted Feb. 21, 2024, S283189 [Sen. Bill No. 136 (2019–2020 Reg. Sess.)].) Courts of Appeal, including this one (*People v. Lopez*

---

[6]     The firearm enhancement attached to count 12 was also stricken as part of the agreement, but the punishment for that count was stayed under section 654. The agreement did not affect the sentence on count 8 for the attempted murder of a peace officer, or the imposition of the prior felony conviction enhancement under section 667, subdivision (a)(1).

5.

(2019) 42 Cal.App.5th 337, 341), "generally found that the amendments applied retroactively to all cases not yet final on January 1, 2020, and that they rendered previously imposed prison prior enhancements, not based on convictions for sexually violent offenses, legally invalid" (*Christianson, supra*, at p. 309, review granted).

Subsequently, "the Legislature expanded the scope of the retroactivity" by enacting former section 1171.1, now section 1172.75, which provides that "'[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense … is legally invalid.'" (*Christianson, supra*, 97 Cal.5th at pp. 309–310 [Sen. Bill 483], quoting § 1172.75, subd. (a), review granted.) "The remainder of the statute then sets forth a mechanism for identifying and resentencing individuals currently serving a term in jail or prison that includes a now invalid section 667.5, subdivision (b) sentence enhancement." (*Christianson, supra*, at p. 310, citing § 1172.75, subds. (b)–(d), review granted.)

With respect to resentencing, the statute provides, "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety" (§ 1172.75, subd. (d)(1)), and "shall not result in a longer sentence than the one originally imposed" (*ibid.*). "The court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) Relevant to defendant's claim on appeal, "The parties may waive a resentencing hearing. If the hearing is not waived, the resentencing hearing may be conducted remotely through the use of remote technology, if the defendant agrees." (*Id.*, subd. (e).)

6.

## II. Waiver of Full Resentencing Hearing

### A. Claim of Error

The principle underlying defendant's claim of error is the requirement that courts "adequately advise defendants before accepting their waivers of *fundamental* rights." (*People v. Daniels* (2017) 3 Cal.5th 961, 993, italics added.) In such circumstances, the record must reflect that the defendant personally and expressly waived the fundamental rights in question, and that the waiver was knowing, intelligent, and voluntary. (*People v. Collins* (2001) 26 Cal.4th 297, 307–308) "[A] reviewing court satisfies itself of a legitimate waiver only when the record affirmatively demonstrates it was knowing and intelligent" (*Daniels, supra*, at p. 991), taking into account the totality of the circumstances (*ibid.*).

Here, defendant does not claim he waived a right on par with a fundamental constitutional right such as a jury trial or the right to be present. Rather, he relies on general waiver principles for the proposition that he did not waive his right to a full resentencing. (Citing *California Union Square L.P. v. Saks & Co. LLC* (2020) 50 Cal.App.5th 340, 354, fn. 6 ["Waiver … is the intentional relinquishment or abandonment of a known right [citation] and is often used when the claim involves a statutory or important right; in such a case, a party will not be found to have waived that right unless it was voluntary, knowing, and done with adequate awareness of the relevant circumstances and likely consequences [citation]."]; *Hittle v. Santa Barbara County Employees Retirement Assn.* (1985) 39 Cal.3d 374, 389 ["'[I]t is settled law in California that a purported "waiver" of a statutory right is not legally effective unless it appears that the party executing it had been fully informed of the existence of that right, its meaning, the effect of the "waiver" presented to him, and his full understanding of the explanation.'"]; *In re Thomas S.* (1981) 124 Cal.App.3d 934, 939–940 ["[A] 'valid waiver of a right presupposes an actual and demonstrable knowledge of the very right being waived.'"].)

Section 1172.75 requires qualifying individuals be resentenced, but the Legislature provided that the parties may waive a resentencing hearing. (*Id.*, subd. (e).) Defendant, however, did not waive the resentencing hearing. To the contrary, he was present for his resentencing hearing, and he was represented by counsel. The trial court made a record that during an off-record discussion, it explained the parties may waive a full resentencing, which would imply they reached an agreement concerning sentencing. (See *People v. Henderson* (2022) 14 Cal.5th 34, 56 ["the full resentencing rule … 'allows a court to revisit all prior sentencing decisions when resentencing a defendant'"].) The court then stated it understood the parties had reached an agreement on a stipulated sentence, with defendant's permission to forego full resentencing. Both attorneys agreed that was correct, and the stipulated sentence imposed was significantly more favorable to defendant than simply striking the prior prison term enhancements, which had been imposed and stayed.

Defendant posits, however, that he had a right to a *full* resentencing absent an advisement by the court and a personal, express waiver that was knowing, intelligent and voluntary. As previously stated, "[k]nowing and intelligent waivers are generally required when a criminal defendant gives up 'any significant right'" (*People v. Trujillo* (2015) 60 Cal.4th 850, 859), but given defendant was present, he was represented, and the agreed-upon sentence reduced his determinate term by 13 years eight months, it is unclear what right of significance defendant allegedly gave up and he does not cite any authority for a finding of error under these circumstances.

We observe that in the context of section 1172.6, Courts of Appeal have recognized "'[a] petitioner … does not possess many of the constitutional rights afforded to a criminal defendant at trial.'" (*People v. Hill* (2024) 100 Cal.App.5th 1055, 1068, quoting *People v. Njoku* (2023) 95 Cal.App.5th 27, 44–45.) This is because "'[t]he retroactive relief provided by [the statute] is a legislative "act of lenity" intended to give defendants serving otherwise final sentences the benefit of ameliorative changes to

8.

applicable criminal laws and does not result in a new trial or increased punishment .…'" (*People v. Flint* (2022) 75 Cal.App.5th 607, 618, quoting *People v. Hernandez* (2021) 60 Cal.App.5th 94, 111.) Resentencing under section 1172.75 differs in that the Legislature directed the identification of defendants serving a sentence that includes a prior prison term enhancement, followed by recall and resentencing of qualifying individuals. (*Id.*, subds. (b), (c); see *Hill, supra*, at p. 1068 ["[r]esentencing under section 1172.6 is a completely voluntary process initiated by the petitioner"].) However, the two petition processes are analogous for the purpose of these principles.

Whatever rights may or may not attach to proceedings under section 1172.75, the record here is sufficient to demonstrate that as between a full resentencing and the stipulated sentence the parties agreed to, defendant did not give up any significant rights unwittingly. (*People v. Trujillo, supra*, 60 Cal.4th at p. 859.) Defendant seeks to persuade us that he had limited experience with the criminal justice system and is "an unsophisticated participant." While California's myriad of sentencing laws is complex, the general concept of a resentencing is not. As previously summarized, the parties and the trial court had off-record discussions before the court set forth the ability to waive a full resentencing in favor of an agreed-upon sentence, which the parties did with defendant's agreement.

"On appeal, we presume that a judgment or order of the trial court is correct" (*People v. Giordano* (2007) 42 Cal.4th 644, 666), and "[c]ounsel is presumed competent and informed as to applicable constitutional and statutory law" (*People v. Barrett* (2012) 54 Cal.4th 1081, 1105). Nothing about the circumstances here persuades us that defendant failed to knowingly, intelligently, and voluntarily waive a full resentencing hearing because he was not afforded the heightened advisement and waiver protections that attach to constitutional or other rights of significance. Moreover, as discussed next, even if we assume error of some degree for the sake of argument, defendant has not demonstrated he was prejudiced by the error.

### B. No Prejudice Shown

For "both constitutional and nonconstitutional errors" (*F.P. v. Monier* (2017) 3 Cal.5th 1099, 1108 (*F.P.*), citing *People v. Cahill* (1993) 5 Cal.4th 478, 501), "article VI, section 13 [of the California Constitution] generally 'prohibits a reviewing court from setting aside a judgment due to trial court error unless it finds the error prejudicial'" (*F.P., supra*, at p. 1108, quoting *People v. Chun* (2009) 45 Cal.4th 1172, 1201). When a trial court commits error under state law, reversal is required only if the error resulted in a miscarriage of justice. (*People v. Sivongxxay* (2017) 3 Cal.5th 151, 178 (*Sivongxxay*); accord, *People v. Hendrix* (2022) 13 Cal.5th 933, 941.) To demonstrate prejudice under this standard, "a defendant must demonstrate that it is 'reasonably probable that a result more favorable to [the defendant] would have been reached in the absence of the error.'" (*Sivongxxay, supra*, at p. 178, quoting *People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*); accord, *People v. Valencia* (2021) 11 Cal.5th 818, 840.)[7]

Here, in addition to the prior prison term enhancements, the parties agreed to strike the firearm enhancements attached to counts 4, 6, 12, and 16, which resulted in an overall sentence reduction of 13 years eight months. After the prosecutor set forth the stipulated sentence, the court asked if defendant had any questions. Defendant asked, "As far as what the new—the new sentence, the credit and everything remains the same?"

---

[7] The *Watson* test does not apply when the error is attributable to the court's lack of awareness of the full scope of its discretionary power over a matter, but this case does not involve that category of error. (*People v. Salazar* (2023) 15 Cal.5th 416, 425, citing *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) Additionally, some errors are deemed structural, which "'requires per se reversal because it cannot be fairly determined how a trial would have been resolved if the grave error had not occurred.'" (*TriCoast Builders, Inc. v. Fonnegra* (2024) 15 Cal.5th 766, 787, quoting *People v. Anzalone* (2013) 56 Cal.4th 545, 554.) Defendant's argument that he did not validly waive a full resentencing hearing, necessitating reversal, implies a structural error, but "'"[c]ategorization of an error as structural represents 'the exception and not the rule'"'" (*TriCoast, supra*, quoting *Sivongxxay, supra*, 3 Cal.5th at p. 178). "'"[A] strong presumption" exists against finding that an error falls within the structural category, and "it will be the rare case" where an error—even "a constitutional violation"—"will not be subject to harmless error analysis."'" (*TriCoast, supra*, at p. 787, quoting, *F.P., supra*, 3 Cal.5th at p. 1108.)

The court explained that defendant's sentence was life plus 48 years and under the agreement, it was reduced by 13 years eight months to life plus 33 years four months. Defendant responded, "Okay." The prosecutor then corrected a math error and said the sentence was reduced to 34 years four months rather than 33 years four months. Defense counsel agreed. Defendant raised the issue of his request for reduction of the restitution fine, and the court agreed to suspend any unpaid fines or fees.

Even if we assume some degree of error, defendant is not entitled to remand for resentencing unless he demonstrates the error he complains of—the absence of a fuller advisement and obtainment of a personal waiver—resulted in a miscarriage of justice. He has not done so, and the record is devoid of any support for a claim that but for this error, there is a reasonable probability a result more favorable to defendant would have been reached. (*Sivongxxay, supra*, 3 Cal.5th at p. 178.) Accordingly, we find no reversible error and affirm the judgment.

## DISPOSITION

The judgment is affirmed.